B. A. HARRISON AND OTHERS v. ELIZA SHEIRBURN AND
ANOTHER.

1. L. & M. made their promissory note, payable "to B., S. & Co., for the use "of E. and M. S." At the time the note was made, B., S. & Co. endorsed it in blank and delivered it to the usees, E. and M. S., who, alleging the insolvency of L. & M., sued B., S. & Co. as original obligors. The consideration of the note was money loaned by the usees. *Held*, that the defendants are not to be regarded as payees and mere endorsers, but as original promissors or sureties.
2. The prevalence of a fatal epidemic, it seems, is " good cause " why suit was not brought to the first term of court after maturity of an endorsed note, so as to warrant suit to the second term against the endorser.

APPEAL from Fort Bend. Tried below before the Hon. L. Lindsay.

So far as the facts are important, they are stated in the opinion.

*Gray & Botts*, and *George Quinan*, for the appellants.

*J. T. Harcourt* and *C. H. Kendall*, for the appellees.

WALKER J. This was an action brought upon a promissory note of which the following purports to be a copy, to wit. :

" $4,816.43. Galveston, May 27th, 1867 :

"Sixty days after date, we promise to pay to the order of "Bolling, Spooner & Co., for the use of Eliza Sheirburn and "Margarette Sheirburn, Four thousand and eight hundred and "sixteen dollars and forty-three cents, in American gold, for "value received.

(Signed) "LABUZAN & McGAR."

There are several bills of exception taken to the rulings of the court on the trial below, and for error there are twelve

causes assigned.    The case has been conducted with great ability on the part of counsel, and we are disposed to consider, after a full examination of the pleadings and evidence, that the rulings of the court are not only free from prejudice and favor, but are characterized by eminent judicial ability.

The case is not free from legal doubts and difficulties, but we believe the ends of justice have been reached.   The character of the undertaking sued on is somewhat peculiar.   It shows by its terms that the payees of the note were only nominally such; the beneficiaries were Eliza and Margarette Sheirburn.   The note, however, is payable to the order of Bolling, Spooner & Co., for the use of these ladies.

It appears from the evidence that Harrison was a member of the firm of Bolling, Spooner & Co., and that this firm endorsed the note in blank at the time of its execution, and delivered it at once to the agent of E. and M. Sheirburn.   This circumstance tends to prove that the appellees were really the payees of the note, and there can be no doubt that the money loaned belonged to them.   And if these facts are established, Bolling, Spooner & Co. are not to be treated as payees; but, according to the doctrine of White v. Weaver, 41 Illinois, 409; Cook v. Southwick, 9 Texas, 615, and Carr v. Rowland, 14 Texas, 277, they must be treated as original promissors or sureties, and not as mere indorsers.

In the last case referred to, the court say, " Where a person, " not the payee of a note, signs his name upon the back of it, at " the time of its inception, without any words to express the " nature of his undertaking, he is liable as an original promissor " or surety, and not as endorser."

In Cook v. Southwick, the court say it is competent by parol or other evidence to show the real nature of the obligation intended to be assumed at the time of signing.

If we apply this doctrine, it was competent for the appellees to maintain their theory of the case, by showing that Harrison's firm were original promissors, and that it was for their benefit, or for Harrison's individual benefit, that the money was loaned.

Opinion of the Court.

In any view of the case, treating Harrison, the appellant, as an indorser, the reasons given for not bringing the suit to the first term of the Galveston county District Court are sufficient; for it is an historical fact, that, at the time the court should have been holden, there was prevailing in Galveston a terrible epidemic disease, and it would appear from the evidence that Harrison himself had left the city on account of this fatal scourge. We therefore consider the suit properly brought at the second term of the court.

The question of Harrison's discharge by operation of law from his liability, is one which must depend upon the facts, and upon these facts the jury has passed, under what we conceive to be the proper instructions of the court. It is not our purpose here to comment upon the evidence, nor do we consider it incumbent upon us to attempt to reconcile its contradictions. The case was one mainly depending upon the evidence.

Whether the agent of the appellees, by giving time for the payment of the note, to Labuzan & McGar, under an agreement, discharged Harrison from his liability, is a mixed question of law and fact; the jury was properly instructed as to the law, which depended on the legal relation of the parties, and they have passed upon the facts, and the court has applied their finding to the law.

It is not always the case that a surety or an indorser will be discharged by the delay of the holder of a promissory note, or bill of exchange, to bring his action; the indorser may himself, by fraudulent representations made to the holder of a bill or note, as to its acceptance or payment, bar himself from the beneficial operation of the general rule of law. (See Smith's Mer. Law, 293, and Note 2.)

We are strongly inclined to think, from the face of the instrument sued on, and from the pleadings and evidence, that Bolling, Spooner & Co. are not to be treated as endorsers, but as original promissors. Had the money been paid to them, or to their order, they would have held it in trust for the use of the appellees. They would certainly in equity be treated

as the trustees of the appellees, and would be bound to them for the fund.

We find no just ground for reversing the judgment, and it is therefore affirmed.

                                                        Affirmed.