## No. 2245.

### CITY BANK OF SHERMAN *v.* VALENTINE WEISS.

1. BANKS—ENDORSEMENT FOR COLLECTION.—B received a draft endorsed to him as follows: "Pay B or order for collection for account of the City Bank of Houston.   B. F. Weames, cashier."   The prior endorsement on the draft showed that it had been remitted to the City Bank of Houston for collection and for account of the City Bank of Sherman. B collected the draft, and the City Bank of Houston, which was indebted to both B and to the City Bank of Sherman, failed; *held*, that B could not appropriate the money collected to the payment of his debt, but that the same belonged to the City Bank of Sherman.

2. CASES REVIEWED.—The Montgomery County Bank v. The Albany City Bank, 7 New York (3 Seld.), 459; Kent v. The Dawson Bank, 13 Blatchford, 237; Bradstreet v. Everson, 72 Pennsylvania, 124; Hoover v. Wise, 91 United States, 308, and Hyde v. The First National Bank, 7 Bissell, reviewed.

3. CASES CITED AND APPROVED.—Sweeney v. Easter, 1 Wallace, 166; Cecil
Bank v. The Farmers' Bank of Maryland, 22 Maryland, 148; Sigourney
& Lloyd, 8 Barnewall & Cresswell, 622, and Trenttel et al v. Barandon, 8
Taunton, 100, cited and approved.

APPEAL from Jefferson. Tried below before the Hon. W. H.
Ford.

*Hal. W. Greer* and *Brown & Gunter,* for appellant, on their
proposition that the appellee having received the drafts with the
restrictive endorsements on them, took them with notice of ap-
pellant's title, and was bound to account to it for the proceeds
thereof, cited Thomas Wilson & Co. v. Smith, 3 Howard (U. S.),
763; Bank of Metropolis v. New England Bank, 1 Howard (U.
S.), 234; 1 Daniel on Negotiable Instruments, sections 698, 698a;
McAnelly v. Chapman, 18 Texas, 198; Jockusch v. Towsey, 51
Texas, 129; Blaine v. Bourne, 23 American Reports, 429 ; White
v. National Bank, 12 Otto (102 U. S.), 658, Benjamin's Chalmers'
Digest, Article 124, Ex. numbers 5 and 6; Story on Promissory
Notes, sixth edition, section 143.

*O'Brien & Johns,* for appellee, cited Kent v. The Dawson
Bank, 13 Blatchford Circuit Court Reports, 237; Allen v. Mer-
chants Bank of New York, 22 Wendell, 221; Montgomery County
Bank v. Albany City Bank, 3 Selden, 460; Reeves v. State Bank
of Ohio State, 8 (Critchfield) Ohio, 468; Hoover v. Wise et al., 1
Otto, United States Reports, 308; Bradstreet v. Everson, 72 Penn-
sylvania State Reports, 124.

GAINES, ASSOCIATE JUSTICE. On December 17, 1885, appellant
remitted to the City Bank of Houston for collection a draft drawn
by one Kent on the Texas Tram and Lumber Company for two
hundred and twenty-two dollars and fifty-eight cents, having
first endorsed it as follows : "For collection and credit for ac-
count of the City Bank of Sherman, C. C. Jones, Cashier." On
the eighteenth day of the same month the City Bank of Houston
endorsed the draft as follows and sent it to appellee : "Pay V.
Weiss or order for collection for account of City Bank of Hous-
ton. B. F. Weames, cashier." On the last named day appellant
remitted another draft for two hundred and one dollars and sixty
cents drawn by the same drawer upon the same drawee, which
also reached appellee through the same channel with like en-
dorsements upon it. The City Bank of Houston failed. Appel-

lee collected the money upon both drafts—upon the first before, and upon the second after, he was apprised of the failure.

The Houston Bank was indebted to both appellant and appellee, and appellee credited the proceeds of the collections to the account of the latter bank and refused to pay appellant. Appellant brought suit and the cause was submitted to a jury who returned a verdict for appellee. The court rendered judgment accordingly and overruled appellant's motion for a new trial.

The assignments of error relied upon in the brief, all relate to the action of the court in giving and refusing instructions. It is complained that the general charge was misleading in this, that it made the liability of the the appellee to depend upon the question whether he was the agent of appellant in collecting the draft or the agent of the City Bank of Houston, and did not instruct the jury as to the legal effect of the restrictive endorsements upon the drafts. It is also assigned that the court erred in refusing charges asked by appellant to the effect that these endorsements were notice to appellee of appellant's ownership of the paper, and that if the former collected them he was responsible to appellant for the amount so collected.

When one places negotiable paper with a bank for collection, and that bank sends it to another for the same purpose, whether the second bank is to be considered the agent of the owner, or merely the agent of the bank is a vexed question. Important legal consequences flow from its determination, and upon it the authorities are conflicting. If the second bank be held agent of the owner, then it would be responsible to him for any negligence which resulted in a loss of the debt. So, also, if the collecting bank failed after receiving the money, being in good credit at the time the paper was transmitted for collection, the bank which had sent it would not be liable to the owner for the amount collected. But if, as many authorities hold, the second endorser is to be considered merely the agent of his immediate endorser, and not of the first endorser, these consequences do not follow, and, in case of negligence or default, the first endorser is liable to the owner of the bill, and not the second. These principles are well illustrated by the authorities which have been cited by counsel for appellee. In Allen v. The Merchants Bank of New York, 22 Wendell, 215, the defendant bank had received the draft for collection, and had transmitted it to a bank in Philadelphia, through whose negligence it had been lost. Defendant was held liable for the loss. In the case of the Montgomery

County Bank v. The Albany City Bank, 7 New York (3 Seld.), 459, the decision was to the same effect; and it was also there held that the bank to which the bill had been sent in the second instance was not liable to the owner for its own default. Virtually, the same doctrine was held in Reeves v. The State Bank of Ohio, 8 Ohio State, 466. In Kent v. The Dawson Bank, 13 Blatchford, 237, a draft was sent for collection to the defendant bank upon a party in Washington, North Carolina. Defendant sent it to bankers in that place then in good standing, who collected it, and becoming insolvent failed to pay over the money. The defendant was held responsible.

In Pennsylvania, the same principle was applied to a company of mercantile agents, and they were held liable to the owner of a claim given them for collection by the failure of an attorney to whom they had sent it, who collected and retained the money. (Bradstreet v. Everson, 72 Penn., 124.) All these cases are based upon the principle that the last collector to whom the paper is sent is the agent of the bank or agency who sends it, and not of the owner. They therefore hold that the first indorser who receives the bill for collection is the owner's agent, and takes the bill under the implied contract to be responsible, notwithstanding the negligence or default of the agent whom he may employ.

The case of Hoover v. Wise, 91 United States, 308, follows the Pennsylvania case above cited, and holds that the attorney to whom a collecting agency has sent for collection a claim belonging to another is not the agent of the owner. The opinion, however, admits a great conflict of authority upon even that proposition.

It will be seen that the case before us presents quite a different question. It is whether a banker who has received from his correspondent a draft endorsed for collection, which is endorsed in like manner to his correspondent, can collect the paper and appropriate the proceeds to the latter's debt to him and refuse to pay the owner. It is not necessary to decide that he is the owner's agent in order to determine that he can not do this. He has received the owner's money, knowing by the endorsements upon the draft that it is his and will not be permitted to withhold it from him.

The authorities in support of this proposition are overwhelming. The following cases from courts of high authority are directly in point: Sweeney v. Easter, 1 Wallace, 166; Cecil Bank v. The Farmer's Bank of Maryland, 22 Maryland, 148; Sigourney v.

Lloyd, 8 B. & C., 622; same case, 5 Bingham, 525; Trenttel National Bank v. Barandon, 8 Taunton, 100; Blaine v. Bourne, 11 Rhode Island, 119. ' (See also White v. National Bank, 102 United States, 658, Hook v. Pratt, 78 New York, 371; 1 Daniels on Negotiable Instruments, sections 336, 698, et seq.; Story on Promissory Notes, section 143.)

The only case holding the contrary doctrine is Hyde v. The First National Bank, 7 Bissell, 156. The court seemed to consider that it was constrained to its decision by the principle decided in Hoover v. Wise, supra, and claimed that opinion was in conflict with the former decisions of the same court in Sweeney v. Easter before cited. An examination of the two cases will show that there is no conflict between them, and the opinion in Hoover v. Wise recognizes none, and, although there it contains an elaborate discussion of the authorities, it does not name the case of Sweeney v. Easter for the obvious reason, as we think, that the two decisions were dependent upon wholly different principles.

The question before us is not one of agency. A party may be held liable as a trustee of another, or for the conversion of his money, though not an agent. The proposition which determines the rights of the parties here is, that appellee collected appellant's money, knowing it to be such, and must be held to have received it for appellant's use and benefit.

Because the court below did not charge the jury to this effect, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 8, 1887.