J. C. YEISER ET AL. V. T. A. BURDETT.

No. 1209.

1. **Motion for New Trial—Newly Discovered Testimony.**—A motion for new trial on ground of newly discovered testimony, supported by affidavit of the witnesses to the facts to which they will testify, is insufficient unless verified by affidavit of the party making the motion, that the testimony was newly discovered.

2. **Mandamus—Statement of Facts.**—Upon the refusal of a trial judge to act upon a statement of facts in a case tried before him, the remedy of the appealing party is by mandamus to compel action by such judge. Not having pursued such remedy, the party can not complain on appeal of the failure of the judge to make a statement of facts.

APPEAL from County Court of Travis County. Tried below before Hon. WILLIAM VON ROSENBERG.

*Wm. Brueggerhoff*, for appellants.

*David H. Hewlett* and *Fred. C. Von Rosenberg*, for appellee.

KEY, ASSOCIATE JUSTICE.—The alleged rulings of the court on the admissibility of testimony are not subject to revision by this court. There are no bills of exception in the transcript showing that the rulings complained of were made. There is no statement of facts in the record, and therefore we can not hold that the court erred in any of its conclusions of fact.

Appellants' motion for a new trial, in which it is claimed that additional evidence has been discovered, is not verified by affidavit, as required by law. They state in their motion that the evidence shown by the affidavits of certain persons, and attached to the motion, came to their knowledge after the trial, but as the statement was not made under oath, it was insufficient. Besides there being no statement of facts, we can not know that the alleged newly discovered evidence was not cumulative testimony. A new trial will not be granted for the purpose of allowing the use of newly discovered evidence which is merely cumulative of that already introduced. 2 Buckler's Dig., p. 567, sec. 122.

In reference to the affidavit of appellants' counsel concerning the failure of the trial judge to make out and file a statement of facts after the parties had failed to agree upon a statement of facts, it is sufficient to say, that appellants had their remedy by mandamus to compel the county judge to prepare and certify to a statement of facts; and, not having pursued that remedy, they will not be heard to complain of the failure of the judge to make a statement of facts. Railway v. Lane, 79 Texas, 643; Osborne v. Prather, 83 Texas, 208.

The judgment will be affirmed.

*Affirmed.*

Delivered March 6, 1895.