### EMMETTE A. ELLIS v. MAX HAHN.

Decided May 7, 1902.

**1.—Innocent Purchaser—Nonnegotiable Instrument.**

Plaintiff can not be protected as an innocent purchaser of notes sued on against the plea of defendant to rescind the sale on which they were given for misrepresentations, where the record fails to show that the notes were made payable to order or bearer.

**2.—Sale—Rescission—Misrepresentation—Written Contract.**

The vendee may have rescission of a contract of sale induced by false representations by the vendor of the capacity of the machinery sold to furnish power, though the written warranty was different from the representations and was not broken; and the representations may be proved by parol.

Appeal from the County Court of Dallas.  Tried below before Hon. Ed. S. Lauderdale.

Ellis sued as assignee of notes given by Hahn to the Sutton Steel Electrical Manufacturing Company on the purchase of certain machinery.

Defendant plead misrepresentations as to the amount of power the machinery would furnish. The judgment awarded a rescission of the contract and return of the property on both sides.

*Wharton & Young,* for appellant.

KEY, ASSOCIATE JUSTICE.—After due consideration, our conclusion is that no reversible error is shown. According to the record the question of appellant's right to protection as a bona fide holder of negotiable paper is not in the case. While it is shown that he acquired the notes before maturity and for a valuable consideration, it is not shown that they were negotiable instruments. The statement of facts recites that the notes were executed "by Max Hahn in favor of the Sutton Steel Electrical Manufacturing Company," and were indorsed by that company without recourse. It is not shown that they were payable to the order of the company or to bearer, or that other language of like import was incorporated in them. The rule is well settled that some such language is essential to render a written instrument negotiable paper in the sense which entitles a holder to protection as an innocent purchaser. 16 Am. and Eng. Enc. of Law, 1 ed., 479; Tied. on Com. Paper, secs. 6, 21.

The testimony complained of was admissible, and no error of which appellant can complain was committed in giving and refusing instructions.

The judgment is affirmed.

*Affirmed.*