HOUSTON OIL CO. OF TEXAS v. MYERS.

(Court of Civil Appeals of Texas. Galveston. Oct. 22, 1912. Rehearing Denied Nov. 14, 1912.)

1. APPEAL AND ERROR (§ 562*)—STATEMENT OF FACTS—FORM AND REQUISITES.

Under Gen. Laws 1911, c. 119, § 6, providing that, upon the filing by the official short-hand reporter of his transcript, the party appealing shall prepare or cause to be prepared therefrom a statement of facts in duplicate which shall consist of the evidence, together with copies of such documents, sketches, maps, and other matters as were used in evidence, such documents, sketches, or maps must be copied in the statement of facts, and it is not permissible to send up the original instruments as a part of the statement, especially in view of Rev. Civ. St. 1911, art. 2069, providing that if the parties do not agree upon a statement of facts, or if the judge does not approve or sign it, the parties may submit their respective statements to the judge, who shall make out, sign, and file a correct statement of the facts proved on the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2495–2499; Dec. Dig. § 562.*]

2. APPEAL AND ERROR (§ 938*)—STATEMENT OF FACTS—PREPARATION—PRESUMPTION.

Where a statement of facts on appeal is signed only by counsel for the appellant and the trial judge, it will be presumed that the parties failed to agree, and that the duty of preparing a statement of facts devolved on the trial judge, under Rev. Civ. St. 1911, art. 2069, requiring him to prepare a statement of facts where the parties do not agree on such statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3795–3803; Dec. Dig. § 938.*]

3. APPEAL AND ERROR (§ 569*)—STATEMENT OF FACTS—DUTY TO MAKE.

Where the parties fail to agree upon a statement of facts, and the duty of preparing such a statement devolves upon the trial judge under Rev. Civ. St. 1911, art. 2069, it is his duty to make a statement of all the facts proved on the trial as it would have been the duty of the parties if they had agreed upon a statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

4. APPEAL AND ERROR (§ 548*)—RECORD—QUESTIONS PRESENTED FOR REVIEW—FINDINGS AND CONCLUSIONS.

Assignments of error that the findings of fact are not supported by the evidence, and that the conclusions of law are not warranted by the evidence, cannot be reviewed in the absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

5. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.

Alleged errors which are not fundamental cannot be reviewed on appeal, unless presented by an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

Appeal from District Court, Jefferson County; W. H. Pope, Judge.

Action by W. D. Myers against the Houston Oil Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

T. M. Kennerly, of Houston, and Hightower, Orgain & Butler, of Beaumont, for appellant. J. N. Votaw and J. F. Lanier, both of Beaumont, for appellee.

---

McMEANS, J. This is a suit of trespass to try title for the recovery of the S. W. and the N. E. ¼ of Texas & New Orleans Railway section No. 94, in Jefferson county, brought by the appellee, W. D. Myers, against the Houston Oil Company of Texas and John H. Kirby. The case was tried by the court without a jury, and resulted in a judgment for plaintiff, Myers, from which the defendant, Houston Oil Company, has appealed.

[1] During the last term of this court the purported statement of facts sent up with the record in this case was, on motion of the appellee, stricken out. It consisted in a statement of the oral testimony and some of the documentary evidence introduced on the trial, and in addition thereto a number of printed and typewritten documents, which were not copied in the statement of facts, nor was their legal effect as evidence stated. These documents were ordered by the trial judge to be sent up with the record as a part of the statement of facts. One of the printed documents consisted of 226 pages, another of 71 pages, another of 37 pages, another of 13 pages, and the typewritten document consisted of 25 pages. In his certificate to the statement of facts the trial judge certified that the same, taken in connection with the instruments ordered to be sent up with the record, is "a full and fair statement of all the facts proved on the trial," etc. We know of no law or rule that authorizes the sending up of a statement of facts in sections, as was attempted to be done in this case. The law in force at the time of the signing of the statement of facts (section 6 of chapter 119, General Laws 1911) provides: "Upon the filing in the office of the clerk of the court by the official shorthand reporter of his transcript as provided in section 5 of this act, the party appealing shall prepare or cause to be prepared from the transcript filed by the official shorthand reporter, as provided in section 5 of this act, a statement of facts in duplicate, which shall consist of the evidence adduced upon the trial, both oral and by deposition, stated in succinct manner and without unnecessary repetition, together with copies of such documents, sketches, maps and other matters as were used in evidence," etc. We think it is clear from the language of the statute that the "documents, sketches and maps" used in evidence are required to be copied in the statement of facts, and it is not permissible to send up such original instruments as a part of such statement. This construction is borne out by article 2069, Revised Statutes 1911, which provides: "If the parties do not agree upon such statement of facts, or if the judge does not approve or sign it, the parties may submit their respective statements to the judge, who shall from his own knowledge, with the aid of such statements, make out and sign and file with the clerk a correct statement of the facts proven on the trial, and such statement shall constitute a part of the record."

[2] It does not appear that the parties agreed to the purported statement sent up in this case, as it is signed only by the counsel for appellant, and, as it was signed by the judge, the presumption obtains that the parties failed to agree. Darcy v. Turner, 46 Tex. 31.

[3] Having had this duty thrust upon him, it was as clearly the duty of the judge to make up a statement of all the facts proven on the trial as it would have been the duty of the parties had they agreed upon the statement. We therefore adhere to our former action in striking out the statement of facts.

[4] The court, upon proper request, filed its findings of fact and conclusions of law, and these are incorporated in the record. All of appellant's assignments of error, save the twelfth, challenge the fact findings as not being supported by the testimony, and the twelfth assails the court's conclusions of law as not warranted by the evidence. In the absence of a statement of facts, we cannot say that the court erred in any of the particulars charged in the assignments. Yeiser v. Burdett, 10 Tex. Civ. App. 155, 29 S. W. 912.

[5] Appellant urges for a reversal of the judgment a proposition in which it undertakes to point out fundamental error apparent upon the record. We have examined the proposition, and find that the claimed error, even if it is an error, is not fundamental, and to be considered at all should have been presented by an assignment of error. As it was not, this court has no right to consider it.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.