MacDONALD v. AYERS. (No. 353.)

(Court of Civil Appeals of Texas. Beaumont. July 8, 1918. Rehearing Denied Jan. 1, 1919.)

APPEAL AND ERROR ☞1001(1)—FINDINGS—REVIEW.

Where findings of jury as to all material issues necessary to support judgment are based upon sufficient evidence, the judgment will be affirmed.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by J. K. Ayers against R. D. MacDonald, in which John B. Peyton intervened. Judgment for plaintiff and intervener, and MacDonald appeals. Affirmed.

Moody & Boyles, of Houston, for appellant.

Fisher, Campbell & Amerman, Jno. B. Warren, and Nugent & Lewis, all of Houston, for appellee.

HIGHTOWER, C. J. This suit was filed by J. K. Ayers, appellee, against R. D. MacDonald, appellant, in one of the district courts of Harris county, and, while pending, John B. Peyton intervened. The purpose of bringing the suit on the part of Ayers was to have an accounting between himself and MacDonald, Ayers claiming an indebtedness against MacDonald, and alleging that upon an accounting he would be entitled to a judgment against MacDonald for such indebtedness. We shall not attempt to make a detailed statement of the pleadings of either side, for the reason, as stated by counsel for appellant in his brief, the pleadings are very voluminous, and many of the issues made by them were disposed of in the trial court, and are not before this court for consideration.

Succinctly stated, the material contention made by the plaintiff below was that he and MacDonald had formed, substantially, a partnership arrangement, for the purpose of selling and purchasing lands, each of them agreeing to put up one-half of the purchase money for each tract of land that they might purchase, and each of them to share one-half in the proceeds of the lands so purchased, when sold by them. It was alleged that during this partnership arrangement a number of tracts of land, naming them, were purchased, and that in each instance, title to same was taken in the name of MacDonald for convenience, and that afterwards these several tracts of land so purchased were sold by MacDonald to the Keystone Mills Company, the aggregate acreage of the several tracts so sold being 2,846.7 acres, the consideration therefor being $35,583.75, a part of which was paid in cash and the balance evidenced by the note of the Keystone Mills Company, expressing a vendor's lien. These several tracts of land, alleged by Ayers to have been purchased under this partnership arrangement, were described as follows:

From H. M. Trueheart, 878 acres out of the Alfonso Steele survey, and 275 acres out of the Lemuel Smith survey in Montgomery county.

From J. W. Lewis, 684 acres out of a school land survey in Montgomery county.

From M. E. Heartmann, 585 acres out of

the Lemuel Smith and A. Steele surveys in Montgomery county.

From Ashby James, 647.7 acres out of a survey made for the T. & N. O. Railway Company in Montgomery county.

From A. Morehead, 60 acres out of the A. Steele survey.

From J. O. Bennette, 100 acres out of the Lemuel Smith survey.

From R. G. Morris, 100 acres out of the Lemuel Smith survey.

From Robert Marsh, 100 acres out of the Lemuel Smith survey.

From I. D. Fairchild, 100 acres out of the Lemuel Smith survey.

In his answer, MacDonald, among other things, alleged that it was true that the Trueheart, Lewis, and Ashby James tracts were purchased by himself and Ayers under said partnership agreement, as claimed by Ayers, but that, as to the other tracts mentioned and claimed by Ayers as having been purchased under said partnership agreement, said other tracts were not, in fact, purchased for the account of said partnership, but that, in fact, they were purchased for MacDonald individually, and that he paid for them out of his own individual means, and that such tracts belonged to him individually, and that Ayers was not entitled to share in the proceeds of the sale of any of them so purchased for himself individually; and this claim on the part of Ayers and its denial on the part of MacDonald constitutes the principal issue between the parties in this case, and the first three assignments of error found in appellant's brief challenge, in substance, the sufficiency of the evidence to support the jury's finding in favor of Ayers on this issue, such finding being that all of said tracts of land were purchased under said partnership agreement, and that Ayers was entitled to share in one-half of the proceeds of the sale thereof, as made to the Keystone Mills Company.

The case was submitted to the jury upon special issues, and most of the fact issues, including the one just mentioned, were found by the jury in favor of Ayers, and most of the assignments of error found in appellant's brief challenge the findings of the jury in Ayers' favor on such special issues. We have not the time to take up these assignments separately and discuss them, but we have given them careful consideration, and have concluded that the findings of the jury as to all material issues necessary to support the judgment in this case were based upon sufficient evidence to sustain them, and that the trial court, therefore, did not err in rendering judgment on such findings of fact in favor of appellee, Ayers, against appellant MacDonald, and all such assignments are overruled.

Such assignments of error contained in appellant's brief as relate to the legal questions touching the procedure, etc., in refusing to submit special issues for appellant, and in admitting certain testimony over appellant's objection, as well as other assignments raising legal questions, have been considered, but we have concluded that none of them show any error committed by the trial court prejudicial to the rights of appellant, either in its judgment in favor of Ayers and against appellant, or in favor of the intervener Peyton, as against appellant, and all of appellant's assignments of error are therefore overruled, and the judgment of the trial court will be affirmed; and it is so ordered.