SWEETWATER ICE & COLD STORAGE CO. v. CONTINENTAL STATE BANK OF SWEETWATER. (No. 961.)

(Court of Civil Appeals of Texas. El Paso. April 24, 1919. Rehearing Denied June 5, 1919.)

1. BILLS AND NOTES ⬳147—DRAFTS—NEGOTIABILITY.

A check on one bank payable to depositor, and not to order or bearer, and indorsed by the depositor for deposit only to its credit, and deposited in another bank, is not a negotiable instrument.

2. BILLS AND NOTES ⬳147 — DEFENSES — FAILURE OF CONSIDERATION.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 582, 584, a check on one bank payable to drawer, and not to order or bearer, and containing a restrictive indorsement for deposit only, and deposited in another bank, was nonnegotiable and subject to the defense of failure of consideration in the hands of a third person to whom the deposit bank transferred it in payment of a draft.

Appeal from District Court, Nolan County; W. W. Beall, Judge.

Action by the Continental State Bank of Sweetwater against the Sweetwater Ice & Cold Storage Company. From a judgment for plaintiff, defendant appeals. Reversed, and rendered for defendant.

Royall G. Smith, of Colorado, Tex., and Templeton, Beall, Williams & Callaway, of Dallas, for appellant.
Ed. J. Hamner, of Sweetwater, for appellee.

HARPER, C. J. On May 19, 1917, the following instrument was deposited with Thomas Trammel & Co., bankers of Sweetwater, Tex., by appellant:

"Dallas, Texas, May 18, 1917.
"The Security National Bank of Dallas, Texas: Pay to Sweetwater Ice & Cold Storage Company ($7,000.00) seven thousand dollars. Sweetwater Ice & Cold Storage Company, by W. H. Painter, Ass't Treas.
"Countersigned: J. C. Thompson, Sec."

On the back thereof is the indorsement by appellant:

"For deposit only to the credit of Sweetwater Ice & Cold Storage Co., Sweetwater, Texas."

It was mailed by appellant to Thomas Trammel & Co., bankers, May 18, 1917, with a letter reading:

"Attached find check on Security National Bank, Dallas, for $7,000.00, which kindly place to the credit of our account, forwarding duplicate deposit slip, and oblige.
"[Signed] Sweetwater Ice & Cold Storage Co."

It reached the hands of Thomas Trammel & Co. on the morning of the 19th of May, 1917, and a credit was by it entered for that amount on appellant's account. Thomas Trammel & Co. was county depository for Nolan county, having $50,000 of county funds on deposit. On May 18, 1917, appellee received a draft for $9,960.80 on Thomas Trammel & Co. from a correspondent for collection, drawn by Nolan county, in favor of one Shaw, trustee in payment of work done on courthouse, and upon same day presented it to Trammel & Co. for payment. The payment thereof was passed over to next day at request of Trammel & Co., for reasons not necessary to enumerate, which was done. Upon next day Trammel & Co. delivered the check in controversy and other credits and exchange to appellee in settlement of the county draft, and indorsed it as follows:

"Pay to the order of any bank, banker or trust company May 19, 1917. Previous indorsements guaranteed. [Signed] Thomas Trammel & Co., Unincorporated, Sweetwater, Texas."

Before it reached the bank in Dallas, Trammel & Co. failed, and payment for that reason was stopped by appellant, and this suit was brought by appellee to recover on it, against Nolan county, and appellant, Sweetwater Ice & Cold Storage Company, alleging the facts. As against Nolan county recovery was predicated upon the theory that the latter's draft had not been paid; therefore it was subrogated to the rights of Shaw. The cause of action as to the county was dismissed upon demurrer.

Appellant answered by general demurrer, general denial, and by special answer:

"(1) That the check or draft was on its face nonnegotiable; (2) that it was restrictively indorsed and did not clothe Thomas Trammel & Co. with even apparent title to it; (3) that the check in question was deposited for collection only with Thomas Trammel & Co., the title thereto being thereby reserved in it, prior to its actual payment by the Security National Bank of Dallas; (4) that on May 19, 1917, Thomas Trammel & Co., to the knowledge of plaintiff, was in a totally insolvent condition, which was wholly unknown to appellant, and its taking the check for deposit constituted a fraud; (5) that the acquisition by plaintiff of the check was neither in due course nor for value, but that it took the same in payment of a pre-existing debt; (6) that, the check being nonnegotiable, plaintiff could acquire no better right thereto than Thomas Trammel & Co. had, and that plaintiff could take the same only subject to any defense that could be made by defendant against Thomas Trammel & Co. By supplemental petition plaintiff pleaded that, when the check in suit was deposited with Thomas Trammel & Co., appellant immediately received credit therefor, and drew checks against same, as was its custom and the long and continued course of business and dealings between appellant and said Thomas

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Trammel & Co., and that appellant thereby had a right to check against such deposit, so that thereby said Thomas Trammel & Co. became the owner of such check, which was subject to transfer, assignment, and passage of title by indorsement and delivery. By supplemental answer appellant pleaded that there was no agreement, either express or implied from the course of dealings between it and said Thomas Trammel & Co., that it should have any right or privilege to check immediately against any credit given it for checks deposited by it with said Thomas Trammel & Co., but that it, as well as all other solvent and responsible depositors with said bank of Thomas Trammel & Co., was given a provisional credit for such deposits, subject to be revoked and withdrawn by charging back the amount of such credit, in the event any such item so deposited was not collected, and that it was permitted purely as a matter of accommodation, and on account of its known solvency, ability, and willingness to make such bank whole against any loss that might otherwise occur, to check against such provisional credit, in anticipation of the collection of such items; that no checks or drafts drawn against such provisional credit given on the deposit of the $7,000 draft had been either presented to or ever paid by Thomas Trammel & Co."

Trial was had with a jury, the cause submitted upon special issues, and upon the verdict rendered judgment was entered for plaintiff, Continental State Bank of Sweetwater, Tex., against Sweetwater Ice & Cold Storage Company for $7,000, and interest. From which this appeal.

The issues submitted and the answers are as follows:

"Special issue No. 1: At the time the defendant, Sweetwater Ice & Cold Storage Company, deposited the $7,000 draft of date May 18, 1917, drawn on the Security National Bank of Dallas, Tex., with the bank of Thomas Trammel & Co., did the said bank of Thomas Trammel & Co. give the defendant Sweetwater Ice & Cold Storage Company credit for said draft upon its account, if any, with the said bank? Yes.

"Special issue No. 2: At the time the defendant, Sweetwater Ice & Cold Storage Company, deposited the said $7,000 draft with the bank of Thomas Trammel & Co., did the said defendant deposit the same as cash or for collection only? Yes.

"Special issue No. 3: At the time the defendant, Sweetwater Ice & Cold Storage Company, deposited said $7,000 draft with the bank of Thomas Trammel & Co., did said defendant expect and intend that the same should be passed to its credit upon the books of said bank of Thomas Trammel & Co. subject to be immediately checked against by it, the said defendant? Yes.

"Special issue No. 4: At the time the said $7,000 draft was deposited with the bank of Thomas Trammel & Co., was it the understanding or agreement, either express or implied, at that time by and between the defendant, Sweetwater Ice & Cold Storage Company, and said bank of Thomas Trammel & Co., that the same should be treated as a cash deposit, and checked against by the defendant as such? Yes. In

passing upon the intention of the parties to the transaction in regard to said draft in evidence before you, you are authorized to take into consideration all of the former banking transactions by and between the defendant, Sweetwater Ice & Cold Storage Company, and the banking firm of Thomas Trammel & Co., and all other facts and circumstances in evidence before you bearing upon said issues.

"Special issue No. 5: At the time the defendant, Sweetwater Ice & Cold Storage Company, deposited the said $7,000 draft with the bank of Thomas Trammel & Co., was the said bank of Thomas Trammel & Co. insolvent? No. In regard to 'insolvency,' a bank is said to be insolvent when its assets and property are of such character and value that it is unable to meet its demands in the usual and ordinary course of business."

The appellant urges, first, that it was entitled to a peremptory instruction. The propositions are that the instrument sued on is nonnegotiable; therefore the holder, plaintiff, took it subject to all defenses the drawer, defendant, could make against it in the hands of Trammel & Co., including failure of consideration.

[1] That this is not a negotiable instrument is well settled, in that it is not payable to order or to bearer. First National Bank of Farmersville v. Greenville National Bank, 84 Tex. 40, 19 S. W. 334; Daniels on Neg. Inst. § 29; Ellis v. Hahn, 29 Tex. Civ. App. 395, 68 S. W. 336, so there could be no transfer of title by indorsement. And in this case it clearly appears that there was no intention to transfer the title by indorsement, for the indorsement repeats the face of the instrument, except that it was directed thereby, that it was deposited for credit only, which indicates that the person to whom it was delivered is merely the agent to receive the money. Daniels on Neg. Inst. (6th Ed.) § 698; Harrison v. Sheirburn, 36 Tex. 73; City Bank v. Weiss, 67 Tex. 331, 3 S. W. 299; Bank v. Bank, 106 Tex. 297, 166 S. W. 689, L. R. A. 1918E, 336.

[2] There are cases holding that on an indorsement for deposit of a check which is credited as cash by the bank which received it, and thereafter in same form is transferred to other banks, the title to the check is in the bank which holds it and has paid for it. This is the rule invoked by appellee to support the judgment entered. Ditch v. Western National Bank of Baltimore, 79 Md. 192, 29 Atl. 72, 138, 23 L. R. A. 164 and note, 47 Am. St. Rep. 375. In this note it is stated:

"While these cases do not entirely agree in holding such an indorsement to constitute a retention of title in the depositor, it may be said that they sufficiently establish the rule that such is the effect of the indorsement in the absence of any agreement or practice to the contrary."

Upon careful investigation we find that this conflict of authority has arisen in cases

where the instrument was negotiable. The question being whether in fact the title to the paper passed, and the instrument being negotiable by its terms, and nothing to indicate that its negotiability was to be destroyed except the restricted indorsement, it then could properly, as held in some cases, become a question of agreement between the parties, either express or implied, from the general course of business between them, whether the title in fact passed upon delivery, or whether the receiving bank simply became the agent for collection. The instrument being negotiable in form if title passed before maturity, for value, the holder would take it free from defenses between the depositor and the original obligee and could sue in its own name (Vernon's Sayles' Revised Statutes Texas, art. 582); but, the instrument sued on being nonnegotiable, after it was assigned it is subject to all the defenses which it would have been subject to in the hands of the previous owner (article 584, Vernon's Sayles' Texas Statutes). This is true even though the absolute title passed.

So, the uncontroverted evidence being that Trammel & Co. paid nothing for the instrument, a plea of failure of consideration by appellant as against the suit of appellee is a good defense to the cause of action.

If the above is the law applicable to the instrument sued on, it becomes immaterial whether the questions indicated by the court's charge above quoted were properly framed and the answers thereto constituted such definite findings of fact as to be the basis for a judgment or not. Believing that the appellee has no cause of action, the cause is reversed, and here rendered for appellant.