## O'HARA et al. v. TEXAS NAT. BANK OF FORT WORTH. (No. 2061.)

Court of Civil Appeals of Texas. El Paso. Oct. 13, 1927.

Rehearing Denied Nov. 23, 1927.

1. **Banks and banking ⚖➡127—Unrestricted indorsement and deposit of check evidences prima facie transfer of title, but may be qualified by contemporaneous deposit slip showing deposit for collection only; "contract."**

Unrestricted indorsement and deposit of check by payee evidenced prima facie transfer of title thereto, but it was competent, as between immediate parties, to qualify indorsement and deposit by deposit slip, issued contemporaneously, showing deposit "for collection and return only"; the two writings constituting the contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contract.]

2. **Banks and banking ⚖➡159—Title to paper deposited for collection does not pass, though intended for credit when collected.**

Title to paper deposited for special purpose of collection does not pass to bank, though intended for credit when collected.

3. **Bills and notes ⚖➡365(1)—Defect in bank's title to check, deposited for collection only, would not affect right of holder in due course without notice.**

Defect in bank's title to check, which deposit slip showed was deposited for collection and return only, would not affect right of one acquiring it in due course without notice of agreement evidenced by such slip.

4. **Bills and notes ⚖➡327—Indorsee of negotiable paper must acquire title to become "holder in due course."**

An indorsee of negotiable paper must acquire title thereto in order to give him the status of a "holder in due course."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Holder in Due Course.]

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. **Banks and banking** ⊖126—**Bank receiving paper, indorsed "for collection," cannot change effect by unauthorized credit before collection.**

Bank receiving negotiable paper, indorsed "for collection," cannot change character and effect of transaction by unauthorized credit thereof as cash subject to check before collection.

6. **Banks and banking** ⊖158—**Bank's letter stating that items listed were inclosed for collection and credit held to negative intent to transfer title to inclosed check immediately.**

Statement in bank's letter, transmitting check indorsed without restriction, that items listed were inclosed for collection and credit, *held* to evidence intent that they should not be credited until collected, thereby negativing intent to transfer title immediately, especially in view of directions to deliver papers only on payment of draft, return all unpaid items at once, and protest certain items.

7. **Banks and banking** ⊖129.—**Deposit slip showing deposit of check for collection held admissible in action on check by bank receiving it from bank of deposit for collection and credit, though without notice of slip.**

As title to check, indorsed without restriction and deposited in bank, which transmitted it to another bank for collection and credit, did not pass to latter bank, notwithstanding its unauthorized immediate credit thereof subject to check, title remained in drawer's widow, and transmitting bank's deposit slip, showing deposit for collection and return only, was erroneously excluded on receiving bank's objection that it had no notice thereof in its action on check.

8. **Evidence** ⊖158(26)—**Bank president's testimony as to what bank's books showed held inadmissible; books being best evidence.**

In bank's action on check, transmitted to it by bank in which deposited, court erred in admitting testimony of plaintiff's president as to what plaintiff's books showed on question whether title passed; the books being the best evidence.

**On Rehearing.**

9. **Appeal and error** ⊖569(3)—**That statement of facts was not agreed to by parties is immaterial, if they failed to agree and judge prepared statement (Rev. St. 1925, art. 2240, §§ 1, 2).**

That statement of facts was not agreed to by parties is of no consequence, if they failed to agree and statement was prepared by trial judge as provided by Rev. St. 1925, art. 2240, §§ 1, 2.

10. **Appeal and error** ⊖938(1)—**Presumption is that statement of facts, signed only by counsel for plaintiff in error and trial judge, was prepared by latter after disagreement of parties (Rev. St. 1925, art. 2240, §§ 1, 2).**

Where statement of facts is signed only by counsel for plaintiffs in error and trial judge, presumption obtains that parties disagreed and that statement was prepared by judge, pursuant to Rev. St. 1925, art. 2240, §§ 1, 2, and

fact that judge's certificate does not affirmatively so show is unimportant.

11. **Appeal and error** ⊖569(4)—**Statement of facts, stating that "following facts were proven," held not to show on its face that it was not a statement of all facts (Rev. St. 1925, art. 2240, §§ 1, 2).**

Statement of facts beginning, "Be it remembered that on the trial of the above-entitled cause, the following facts were proven and evidence introduced," *held* not to show on its face that it was not a statement of all the facts as required by Rev. St. 1925, art. 2240, §§ 1, 2.

12. **Appeal and error** ⊖664(1)—**File mark on back of statement of facts as of date within time for filing it must be accepted as against mark subsequently stamped on cover wrapper by new clerk.**

In absence of anything to impeach verity of file mark, appearing on back of statement of facts as of date within time limited for filing it, such mark should be accepted as correct, though later file mark was stamped on cover wrapper by new clerk.

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Texas National Bank of Fort Worth against W. W. O'Hara and others, in which Mrs. C. C. Marshall intervened. Judgment for plaintiff, and intervener brings error. Reversed and remanded.

K. R. Craig and Geo. A. Titterington, both of Dallas, for plaintiff in error.

Samuels & Brown, of Fort Worth, for defendant in error.

HIGGINS, J. W. W. O'Hara executed and delivered his check for $1,500 to the order of C. C. Marshall, dated May 4, 1925, drawn upon the First National Bank of Grandview, Tex.

The payee indorsed the check in blank and deposited same on May 6, 1925, in the Farmers' Bank of Duncanville, Tex., an unincorporated bank, owned by W. B. Cupp. Said bank issued a deposit slip for the check, signed by Cupp in favor of F. W. Marshall, the wife of C. C. Marshall. Above Cupp's signature upon the slip was written, "For collection and return only."

The check was indorsed by the Farmers' Bank to the order of any bank or banker, and with other items, aggregating $1,827.98, was sent to the Texas National Bank of Fort Worth, Tex., defendant in error, on May 6, 1925, accompanied by letter, signed by C. C. Marshall, cashier of the Farmers' Bank, which reads:

"We inclose for collection and credit items as listed. Deliver papers only upon payment of draft. Return at once all unpaid items.

"N. P. 88–1035. Protest all items over $20.00 not bearing this stamp or similar stamp containing the transit number of a preceding bank indorser."

---

⊖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the same day defendant in error acknowledged receipt to the Farmers' Bank by card reading:

"We credit as follows: $1,827.98.
"Received for collection:
"We debit: ———.
"All items not payable in Fort Worth received by this bank for credit or collection are taken upon the express condition that this bank is nqt to be held liable for the acts or omissions of any other bank or collector to whom they may hereafter be transmitted or loss in transmission, the liability of this bank being hereby limited to its own acts; and should the collecting party convert the proceeds, or remit in checks or drafts which are thereafter dishonored, the amount for which credit has been given will be charged back."

At the time the Farmers' Bank was indebted to defendant in error in the sum of about $6,000.

The president of defendant in error testified his bank credited the Farmers' Bank with the $1,827.98, and the same was checked out before returns were obtained upon the check. Defendant in error indorsed the check and forwarded same for collection. Payment had been stopped, and the drawee refused to pay the same. The Farmers' Bank failed on May 6, 1925.

Defendant in error brought suit upon the check against O'Hara, joining the independent executors of the estate of C. C. Marshall, who had died. Mrs. Marshall intervened, setting up that she was entitled to the amount of the check. Defendant in error asserted that it was the holder of the check in due course. O'Hara admitted liability upon the check and asked that he be protected against the adverse claims of the parties. Judgment was rendered in favor of the Texas National Bank. Mrs. Marshall prosecutes this writ of error.

[1] The unrestricted indorsement of the check and its deposit in the Farmers' Bank evidenced prima facie the transfer of title to the check, but as between the immediate parties to the transaction it was competent to qualify the indorsement and deposit by the deposit slip issued contemporaneously with the deposit, the two writings constituting the contract. 8 C. J. 357.

[2-4] The courts are practically unanimous in holding that the title to paper deposited for the special purpose of collection does not pass to the bank. Bank of Sherman v. Weiss, 67 Tex. 331, 3 S. W. 299; New York Life Ins. Co. v. Patterson & Wallace, 35 Tex. Civ. App. 447, 80 S. W. 1058; Hobart Nat. Bank v. Fordtran (Tex. Civ. App.) 122 S. W. 413, and many other cases cited in 11 A. L. R. 1046, 1047.

The slip shows that the check was deposited "For collection and return only"; hence the title did not pass to the Farmers' Bank. This defect in the title of the Farmers' Bank,

however, would not affect the right of one who acquired the check in due course without notice of the collateral agreement evidenced by the deposit slip. An indorsee of negotiable paper must acquire title thereto in order to give him the status of a holder in due course. 11 A. L. R. 1043, note.

[5] The indorsement of the Farmers' Bank also evidenced prima facie its intention to transfer the title, but the letter transmitting the check to defendant in error was a part of the same transaction and stated that it was inclosed for collection and credit. This letter qualified the unrestricted indorsement of the Farmers' Bank. It plainly evidences the intention of the Farmers' Bank that the proceeds, when collected, should be credited, but in numerous cases it has been held that where paper is deposited for collection the title does not pass though it is intended for credit when collected. However, there are cases which hold the contrary where the paper, though indorsed, "For collection," was deposited and credited as cash subject to check. 11 A. L. R. 1048, 1049. But as to the latter line of cases it seems to us that the receiving bank could not change the character and effect of the transaction by an unauthorized credit subject to check prior to collection.

[6] In the present case the only evidence of the purpose and intention of the Farmers' Bank is its indorsement upon the check and its letter of transmittal. This letter says the items were inclosed for collection and credit. This alone, we think, evidences plainly that the items transmitted were not to be credited until collected, but if there could be any doubt about the matter it is removed by the further direction to deliver papers only upon payment of draft, to return at once all unpaid items, and to protest certain items. These latter directions are inconsistent with the idea that it was the intention of the Farmers' Bank to transfer immediately the title to the various items, for such control over the paper would be warranted only if it remained the owner.

[7] We are therefore of the opinion the title to the check did not pass to defendant in error, and the character of the transaction was not changed by its unauthorized immediate credit subject to check. Hence, the title remained in Mrs. Marshall. The deposit slip issued by the Farmers' Bank was excluded upon objection of defendant in error that it had no notice thereof; but the question of notice is immaterial in view of the fact that the transaction between the two banks was insufficient to pass the title. The court erred in excluding the slip.

[8] This ruling renders it unnecessary to discuss other questions presented in the brief of plaintiff in error except to say that the books of the defendant in error are the best evidence of what they show, and the court

erred in admitting the testimony of its president as to what they show.

Reversed and remanded.

## On Rehearing.

It is asserted we erred in considering the statement of facts herein over the objections of defendant in error, contained in its brief. In our opinion the objections were untenable and called for no comment. In view of the earnest insistence of defendant in error that we erred in considering such statement, we will state our reasons for so doing.

After giving the style of the case, its number, and the court in which it was pending, the statement which was objected to, reads:

### "Statement of Facts.

"Be it remembered that on the trial of the above-entitled cause, the folowing facts were proven and evidence introduced to wit:" (Here follows statement of what was proven by various witnesses, naming them, and copies of documentary evidence.)

At the end thereof appear the signatures of one of the counsel for plaintiffs in error and the trial judge as follows:

"O. K.   Geo. A. Titterington.
"Approved, Kenneth Foree, Judge 14th District Court."

Defendant in error objected to its consideration for the following reasons:

"First: It shows on its face that it is not a 'statement of facts' agreed to by the attorneys in the case, for there is nothing purporting to be an agreement by the attorneys.

"Second: It shows on its face that it is not a statement of all the facts prepared by the trial judge, for it does not in the transcript nor in the paper styled 'Statement of Facts,' as prescribed by section 1 of article 2240, Revised Statutes, contain a certificate to that effect, nor that the parties did not or could not agree upon a statement of facts, nor that the parties submitted their respective statements to the judge, and that the judge prepared and filed the paper mentioned as a statement of all the facts proved on the trial. Nor does it appear as required by section 2, article 2240, R. S., that the attorneys failed to agree on a 'statement of facts,' and that appellant's counsel, K. R. Craig and Geo. A. Titterington, within 15 days after adjournment of court or entering of final judgment, presented to the judge a 'statement of facts' certified to over their signature to be a full and fair 'statement of all facts proved on the trial to the best of their knowledge and on belief.'

"Third: And it affirmatively appears that the paper mentioned was not filed within the time prescribed by law."

[9, 10] It is true this was not a statement of facts agreed to by the parties; but this is of no consequence if the parties failed to agree and the statement was prepared by the trial judge, as provided by law in such cases. In the state of this record the presumption obtains that there was such a disagreement and the statement was prepared by the judge. The fact that the certificate of the judge does not affirmatively so show is unimportant. McGlasson v. Fiorella (Tex. Civ. App.) 228 S. W. 254; Houston Oil Co. v. Myers (Tex. Civ. App.) 150 S. W. 762; Bath v. Railway Co., 34 Tex. Civ. App. 234, 78 S. W. 994; Kelso v. Townsend, 13 Tex. 140; Darcy v. Turner, 46 Tex. 30; McManus v. Wallis, 52 Tex. 534.

[11] As to the objection that it shows upon its face it was not a statement of all the facts, the necessary implication of the opening sentence above quoted is that it was a statement of all the facts proven and evidence adduced upon the trial. We think it wholly inadmissible to say that upon its face the statement shows it did not contain all of the facts proven.

[12] As to the objection with reference to the date of filing, there appears upon the back of the statement, under the cover wrapper this file mark:

"Filed Jan. 1, 1927.   John H. Cullom, Dist. Clerk, Dallas Co., Texas, by J. C. Durrett, Deputy."

On the cover wrapper appears file mark stamped thereon, which reads:

"Filed Jan. 7, 1927.   J. B. Finks." (The rest illegible.)

Another file mark stamped on the cover wrapper shows filing as of January 7, 1927, the date of the month being changed by pen and ink to 1st, and signed by J. B. Finks, district clerk, by W. A. McLaughlin, deputy. This last mentioned file mark was scratched out with pen and ink. Evidently what happened was that the statement of facts was first filed on January 1, 1927, as shown by the first file mark, and later a cover wrapper put on and file mark of January 7th stamped thereon by the newly qualified clerk.

In the absence of anything to impeach the verity of the file mark of January 1, 1927, it should be accepted as correct, and was so accepted by us. January 1, 1927, was within the time limited by the trial court's extension order and was not too late.

These are the only matters presented by the motion for rehearing which call for comment.

The motion is overruled.