**WACO CHAMBER OF COMMERCE v. FADAL et al. (No. 619.)**

Court of Civil Appeals of Texas. Waco. March 29, 1928.

Rehearing Denied April 26, 1928.

1. **Vendor and purchaser** ⊜⟿341(3)—**Evidence held to sustain verdict for vendors in purchaser's action to recover alleged mistaken payment in excess of amount provided for in contract of sale.**

• In action by purchaser for recovery from vendors of amount alleged to have been paid vendors by mistake, in that it was more than vendors were entitled to receive under the con-

tract for sale of land, evidence *held* to sustain verdict of jury for vendors.

2. **Appeal and error** ⊜⟿1001(1)—**Jury's verdict, supported by sufficient evidence, cannot be disturbed on appeal.**

Verdict of jury, supported by sufficient evidence, cannot be disturbed on appeal.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by the Waco Chamber of Commerce against Harvey H. Fadal and another. Judgment for defendants, and plaintiff appeals.

Witt, Terrell & Witt, of Waco, for appellant.

Kyle Vick, of Waco, for appellees.

CONWAY, Special Chief Justice. This suit was instituted by the Waco Chamber of Commerce, a corporation, against Harvey H. Fadal and James N. Fadal, to recover the sum of $1,633.33 alleged to have been paid to the appellees through a mistake.

Appellant alleged that it had purchased a tract of land from appellees at an agreed price of $50,000, and that under the contract of purchase they agreed to assume outstanding lien notes in the principal sum of $35,000, with accumulated interest, and to pay to the appellees the balance of the $50,000 in cash. It further alleged that, at the time of the consummation of the contract, the accumulated interest on these notes amounted to $1,633.33, and that under the terms of its agreement with appellees it should have paid to them the sum of $13,366.67 in cash, but that, through a mistake, it paid to the appellees the sum of $15,000.

The appellees pleaded a general denial, and specially pleaded that under the terms of the contract of purchase the Waco Chamber of Commerce was to pay them $15,000 in cash for the property, and agreed to assume the outstanding notes in the principal sum of $35,000, together with the accumulated interest.

The case was submitted to the jury on one special issue as follows:

"Did the plaintiff pay the defendants $1,633.33 more than the defendants were entitled to receive under the agreement between the parties, for the purchase and sale of the property involved in said agreement?"

The jury answered this special issue in the negative. The trial court thereupon entered a judgment for appellees, and appellant has prosecuted this appeal.

[1] The only issue before this court is the sufficiency of the evidence to support the verdict. The record shows that on February 1, 1926, the appellees executed the following instrument:

"For $1.00 to me in hand paid by E. W. Marshall on behalf of the Waco Chamber of Com-

merce, Waco, Texas, I hereby extend to them an option on 80x165 feet, fronting 80 feet on the south line of Franklin street, between 4th and 5th streets, Waco, Texas, and running back 165 feet to alley, being approximately four stores 20 feet each and heretofore known as the Walker Property.

"The terms of this option are to be $50,000.00 with the understanding that our equity in this building is to be paid in cash and the amount we owe $35,000.00, payable $5,000.00 on or before each succeeding year, with 6% interest payable annually shall be assumed by the said Waco Chamber of Commerce. The said Waco Chamber of Commerce is to assume the taxes for the year 1926.

"This option is to extend 15 days from this date without any further payment than above stipulated and on payment or tender of payment to us of $100.00 by the said Waco Chamber of Commerce, this option will be extended 15 days longer.

"All rents to be prorated as of the purchase date or the taking over of said property by the said Waco Chamber of Commerce.

"Dated this the 1st day of February, 1926.
                        "James Fadal.
                        "Harvey H. Fadal."

There is some conflict in the testimony as to whether the option was executed within the time specified. The deed to the property is dated March 9, 1926, and the purchase price was paid on the 10th day of March, 1926. The appellees each testify that, at the time they signed the option, E. W. Marshall, representing the appellant in the purchase of the property, told them that the appellant would pay them $15,000 in cash, and assume seven notes for $5,000 each, together with the accumulated interest, and that they signed the option contract with that understanding.

The deed was written under the directions of the attorneys who represented the Waco Chamber of Commerce in the purchase of the property, and shows the consideration to be as follows:

"$15,000.00 to us in hand paid by the Waco Chamber of Commerce, a corporation of the county of McLennan and state of Texas, the receipt of which is hereby acknowledged, and the further consideration of the assumption of seven notes for $5,000.00 each, dated June 1, 1925, payable to the order of Margaret W. Yates and Agnes W. Haymore and Constance W. Johnson, due on or before 1, 2, 3, 4, 5, 6 and 7 years after date, all bearing interest from date at the rate of 6% per annum."

The deal was closed in the office of J. M. Penland, one of the committee representing the appellant. Mr. Miner, E. W. Marshall, and E. E. Witt, all representing the appellant in this transaction, were present. The deed was delivered to the appellees for their signature, and James N. Fadal testified that he and Harvey H. Fadal read the deed, and that this deed showed a cash consideration to them of $15,000; that it was their under-

standing that this was the sum that was to be paid to them in cash; and that, if this amount of money had not been paid, he would not have executed and delivered the deed. It appears without dispute that, at the time the deal was closed, there was a discussion between the parties with reference to the fixtures that were in the building, and the appellant called in its attorney with reference thereto, and agreed to buy certain fixtures at a price of $283.15. A check for $15,283.15, executed by the appellant, was delivered to the appellees. $283.15 of this amount represented the purchase price of the fixtures, and $15,000 represented the cash purchase price for the property.

[2] We conclude that the evidence was sufficient to support the verdict of the jury, and in such case its findings cannot be disturbed on appeal. Gurinsky v. Merchants' Ice & Cold Storage Co. (Tex. Civ. App.) 299 S. W. 649; Kollaer v. Puckett (Tex. Civ. App.) 232 S. W. 914; MacDonald v. Ayers (Tex. Civ. App.) 207 S. W. 686.

The judgment is affirmed.