SCHNEIDER & DAVIS v. J. D. STEPHENS.

(Case No. 1377.)

1. STATEMENT OF FACTS.— A statement of facts, certified to by the judge before whom the case was tried as an agreed statement, which is only signed by counsel for one party, may be considered on appeal, the presumption being that it was properly certified.

2. SAME.— The statement of the judge, made out and filed after the adjournment of the term, and improperly copied into the transcript, in reference to whether or not a statement of facts was properly certified or approved by him, will not be considered on appeal, in the absence of a motion to strike out and suppress the statement on account of deceit practiced by one of the parties, or their counsel.

3. PRACTICE.— An erroneous ruling of the court below will afford no ground for reversal, when it is manifest that it did not affect the judgment.

APPEAL from Comanche. Tried below before the Hon. J. R. Fleming.

Schneider & Davis brought suit in the county court of Dallas county against Stephens & Johnson, a mercantile firm doing business in Comanche, on a note for $989, payable at Dallas, and at the same time sued out a writ of attachment, which was levied upon a stock of merchandise then in the possession of appellee, but which had formerly belonged to the firm of Stephens & Johnson. Appellee made oath and gave bond for the trial of the right to the property under the statute, which were returned to and filed in the district court of Comanche county. Appellee claimed that Stephens & Johnson were indebted to him in a large sum, amounting to over $5,000, and on December 21, 1878, executed a deed of trust, etc., on the stock of goods to secure the same, and that they failed to pay, the deed of trust was foreclosed, and that he purchased the goods and thereby became the true owner.

Appellants attack the deed of trust and sale on the ground that it

was a simulated transaction, claiming that Stephens & Johnson were not indebted to appellee, and that the trust deed, sale, etc., was concocted and gotten up by the parties to hinder, delay and defraud creditors.

Verdict was returned and judgment rendered for appellee.

*Fleming, Moore & Davis*, for appellee, cited: Art. 1490, Pasch. Dig.; Ross *v.* Armstrong, 25 Tex. Sup., 366; Tardiff *v.* State, 23 Tex., 171; Lacey *v.* Ashe, 21 Tex., 394; Sheldon *v.* Boyce, 20 Tex., 830; Kelso *v.* Townsend, 13 Tex., 140; Withee *v.* May, 8 Tex., 161; Lee *v.* Kingsbury, 13 Tex., 68; Hutchins *v.* Wade, 20 Tex., 8; Fulgham *v.* Bendy, 23 Tex., 65; Cannon *v.* Tompkins, 22 Tex., 35; Hodges *v.* Longcope, 23 Tex., 155; Madden *v.* Shapard, 3 Tex., 49; Duffield *v.* Bodine, 2 Tex., 293; Robinson *v.* Lakey, 19 Tex., 139; Milburn *v.* Walker, 11 Tex., 330; St. Clair *v.* McGehee, 22 Tex., 6; Baldwin *v.* Dearborn, 21 Tex., 448; Walling *v.* Kinnard, 10 Tex., 508; Davis *v.* Loftin, 6 Tex., 489.

No briefs for appellant have reached the reporter.

Watts, J. Com. App.— It is insisted by appellee that the statement of facts copied into the record ought not to be considered as such, for the reason that it is certified to by the presiding judge as an agreed statement, when in fact it is only signed by counsel for appellants; and also for the reasons stated in the certificate or statement filed by the judge, subsequent to the adjournment of the term at which the cause was tried. Notwithstanding it is certified as an agreed statement when in fact it is signed by but one party, the presumption will be indulged that it was properly certified by the judge. McManus *v.* Wallis, 52 Tex., 534.

The statement of the presiding judge, filed subsequent to the adjournment of the term at which the case was tried, will not be considered in reference to whether or not the statement of facts was properly certified or approved by him. Upon a motion to strike out and suppress a statement, on the ground that the judge had been induced to approve or certify the same on account of deceit practiced by one of the parties or their counsel, supported by proper affidavits, the question might be entertained. But this court will not entertain that question upon the statement of the judge made and filed subsequent to the adjournment of the term. The statement of the judge was improperly copied into the transcript.

Appellants, in their brief, rely upon but one of the errors as-

signed.   Under the rules the others will be considered as waived.
That relied upon is: the court erred in excluding as evidence a copy
of the letter claimed to have been written by appellee to F. D. Grice,
the manager of R. G. Dun & Co.'s commercial agency, at Dallas. The
contents or substance of the letter is not disclosed by the bill of ex-
ceptions.    However, Grice testified that the letter was dated Decem-
ber 5, 1878, addressed to him, and was signed Stephens & Shropshire.
This letter had the effect of causing the agency to make a modified
report respecting the firm of Stephens & Johnson, to the effect "that
unfavorable reports existed, but that good authority, who had the
means of knowing the true condition of Stephens & Johnson's af-
fairs, believed them to be solvent and reliable, but we advised dis-
cretion in new credits, which report was given to our subscribers,
Schneider & Davis."    Alfred Davis, one of the appellants, testified
that about the 1st of December, 1878, rumors were rife about the
insolvency of Stephens & Johnson, but a letter written by Stephens
& Shropshire to the mercantile agency stated that Stephens & John-
son were in fine condition, well able to meet all liabilities promptly,
and refuting rumors by saying they were circulated through jeal-
ousy.
    J. D. Stephens, the appellee, testified that he did write the letter
to the mercantile agency, dated December 5, 1878; that at the time
he believed that Stephens & Johnson were solvent, and would pay
their debts and liabilities, and that he was of the opinion that they
were good.
    Without undertaking to determine whether or not the letter
would or not be admissible under the issues made in this case, its
exclusion by the court would not constitute such material error as
would require the reversal of the judgment, for the appellants had
the full effect of that evidence.   It was not only testified to by one
of the appellants, but was also admitted by the appellee.   Hence,
if it was error, it must be considered immaterial.   Able v. Sparks,
6 Tex., 349; Todd v. Eysart, 23 Tex., 590.
    Our conclusion is that the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted November 27, 1883.]