[Opinion adopted October 20, 1884.]

---

LOUIS BERRY ET AL. v. MARIA BOGGESS.

(Case No. 1689.)

1. HOMESTEAD — LIEN — DEED.— Where a deed conveying land by its terms reserves a lien upon the property to secure the payment of a specific sum of money, no homestead right in the property can be acquired by the purchaser as against the lien, though the sum named constitute no part of the purchase money proper. The title only vests subject to the lien.

ERROR from McLennan. Tried below before the Hon. B. W. Rimes.

The following from the brief of counsel is adopted as a correct statement of the case:

Maria Boggess, on the 22d day of October, 1880, brought an action of trespass to try title to a certain lot and improvements thereon, in Waco, Texas, against Louis Berry and Sarah Berry, the plaintiffs in error in this cause. On the 4th day of May, 1881, the plaintiff below, Maria Boggess, filed an amended petition, reciting the execution and delivery by her of a deed dated 12th May, 1879, to said Sarah Berry, to a lot in Waco, fully described, "for and in consideration of my love and affection for my daughter, and of $1 and other considerations herein expressed, to me in hand paid, by said daughter, Sarah Berry, of the county of McLennan, etc., and

the further consideration that my said daughter is to pay me, or my order, for my support in my old age, the sum of $5 for each and every month during my natural life, to secure the payment of which a vendor's lien is hereby retained upon the premises conveyed," alleging the failure of the defendant Berry to pay the $5 monthly, since the 12th day of September, 1879, and praying for a judgment canceling the deed to Berry, for a writ of possession, and alleging the reasonable rental of said premises to be $216 since September 12, 1879, and praying for a judgment against defendant Berry for said amount.

On the 6th May, 1881, Berrys filed their first amended original answer, pleading:

1st. General denial.

2d. Purchase by verbal agreement for Maria Boggess, and alleging payment, possession and valuable improvements made thereunder amounting to $698.10.

3d. That the $5 was only offered by Louis Berry to buy his place, and that the sum was a stipend, not any part of the purchase money, and could not be a lien on the property in controversy, the same being their homestead, and occupancy thereof for eight years.

Defendants Berry prayed in the alternative that if it be found that the monthly payments called for by the deed constituted a vendor's lien on the premises, that they be allowed an opportunity to pay off such purchase money; but if the court should decree the cancellation of the deed, defendants Berry further pray to be allowed the value of their improvements.

On the 7th of May, 1881, Maria Boggess filed her supplemental petition and prayed for writ of possession and general relief.

The Berrys filed their trial amendment, and again Sarah Berry prayed for a reasonable time in which to pay off such amount as may be found to be due. The cause was submitted to the court without the intervention of a jury, on the 5th of May, 1882, and on the 20th of May, 1882, the court decided that Maria Boggess was entitled to the sum of $5 per month for each month from May 12, 1879, during the natural life of Maria Boggess, less $40 found to have been paid prior to the institution of this action, and that the same was a valid lien on the property in controversy; that the Berrys made valuable improvements of the value of $400, and gave judgment for Maria Boggess against Louis Berry and Sarah Berry for $140 and costs of this action, but ordered that if the Berrys should fail within three months to pay the sum of $140, and $5 per month additional for each month from date of judgment, the clerk should, on the application of the plaintiff

below, issue a writ of possession in favor of Maria Boggess, pro
vided she should first deposit with the clerk for the use of the
Berrys $400, besides all costs. It was also decreed that in the
event neither party should pay into court the several sums adjudged
against them within the time specified, an order of sale was author-
ized to issue on the application of the plaintiff, and out of the pro-
ceeds, after first paying the Berrys $400, the balance, if any re-
maining, after paying costs, was directed to be paid over to Maria
Boggess.

*Herring, Kelley & Williams*, for plaintiffs in error.

*Felix H. Robertson*, for defendant in error.

WATTS, J. COM. APP.— According to the view we take of this case,
it is not necessary in disposing of the same to consider in detail the
various objections to the judgment presented by the assignment of
errors.

Plaintiffs in error claim in their answer that, long before defend-
ant in error had executed the deed, they had purchased the lot, and
paid her therefor $250; that she had placed them in possession; that
they had made valuable improvements thereon and were occupying
it as a homestead. Also, that as Sarah Berry did not consent to the
payment of $5 per month, and a reservation of a lien in the deed to
secure the same, that the court erred in decreeing a foreclosure of
the lien, claiming that it was no part of the purchase money.

The court found that only a portion of the $250 deferred payment
on the land had been paid by plaintiffs in error, while the other por-
tion was settled by defendant in error. That finding is upon a con-
flict of evidence and must here be considered as conclusive.

Plaintiffs in error both testified that they went into possession
with the consent of defendant in error, upon the understanding that
whichever of her two daughters, Sarah or Lucy, first paid her $250,
should have the lot in controversy.

Under the circumstances they had no title upon which to predi-
cate a homestead claim against the defendant in error. It was there-
fore competent for the defendant in error to require the payment of
the $5 per month, with a reservation of a lien upon the property in
the execution of the deed. That is, the title vested by the convey-
ance was burdened with the lien. And it would not affect the ques-
tion, if, strictly speaking, the amount was not part of the purchase
money of the lot, for in legal effect it is made such by the terms of
the deed. On the case made by the record, the only title plaintiffs

in error have to the lot is that vested by the conveyance, and that vested subject to the reservation of the lien.

Whether it be called a contract or vendor's lien is immaterial; as it is reserved in the conveyance its effect would be the same.

In our opinion there is no error in the judgment of which the plaintiffs in error can rightfully complain.

Defendant in error has filed no assignment of errors, and having examined the record we report that there is no such fundamental error apparent as would require the reversal of the judgment and that it ought to be affirmed.

AFFIRMED.