MARTHA JONES ET AL. v. WILLIAM H. MALE ET AL.

Decided February 9, 1901.

**1.—Vendor's Lien—Homestead—Borrowed Money.**

Where the purchaser of an unimproved city lot, bought for homestead purposes, paid therefor in cash, and after taking possesion of the lot, but before receiving deed thereto, borrowed from the vendor a sum of money with which to erect a dwelling on the lot, and the deed was then executed to him by the vendor reciting the sum so borrowed as the purchase price of the lot, and retaining a vendor's lien to secure purchase money notes given therefor, the lien so created was valid against the homestead right of the purchaser's wife, although she did not know at the time of the terms of the deed and the arrangement so made to secure the borrowed money, since no homestead rights attached until the title to the lot was acquired.

**2.—Same—Title—Parol Sale with Possession and Improvements.**

The purchasers did not acquire title to the lot by virtue of paying the purchase money therefor and taking possession and making some slight improvements, too inconsiderable to have authorized them to maintain an action for specific performance of the parol contract to convey the lot.

**3.—Same—Innocent Purchaser of Lien Notes.**

Where a lien apparently valid and appearing to be for the purchase money, is created on land of a homestead character, a good-faith purchaser of the lien may enforce it.

Error from Dallas. Tried below before Hon. W. J. J. Smith.

*Alexander & Thompson,* for plaintiffs in error.

*McLaurin & Wozencraft,* for defendants in error.

TEMPLETON, ASSOCIATE JUSTICE.—The Dallas Land and Loan Company owned a lot situated in Oak Cliff, Texas, which it contracted to sell to plaintiffs in error for $1200 cash. About June 1, 1890, Mrs. Jones paid the agreed purchase price to the company out of her separate means. No deed was taken at the time. The lot was unimproved, and Jones and wife intended to build a dwelling house thereon and to occupy the same as a homestead. Immediately after receiving the purchase money the company had the lot surveyed, and Jones, with the knowledge of the company, moved some boxes of rock crystals, to be used in constructing walks, on the lot, and erected a water closet and marked the location for the foundation of the house, and bought a small quantity of lumber to erect a carpenter's shed and bargained for lumber for the house, but made no other improvements until after June 12, 1890. Jones did not have the money with which to erect the house he desired to build, and the company agreed to loan him $2000, to be used for that purpose. On June 12, 1890, Jones executed his notes to the company for said sum, and received the money. There were four notes for $500 each, payable in two, three, four, and five years, and it was stated in the notes that they were given for the purchase money of the lot. On the said day the company executed and delivered to Jones its deed to the lot. The notes were described in the deed, and the vendor's lien retained to secure the payment thereof and a mortgage to further secure the notes was, at the same time, given by Jones to the company. Jones proceeded to erect the house as contemplated, and since its completion he and his wife have continuously occupied it as their homestead. Mrs. Jones did not know the aforesaid facts concerning the notes and the borrowed money and the terms of the deed until about six weeks after June 12, 1890. She then made no complaint in relation thereto. The company was then solvent. The notes were sold to the American Investment Company before the maturity thereof, which company bought in good faith and paid therefor a valuable consideration without notice of any of the facts above stated, except the facts appearing from an inspection of the papers themselves. The defendants in error are the owners of the fourth of said notes by purchase from the assignees of the said investment company, and brought this suit against Jones to recover the amount due thereon and to foreclose the vendor's lien on said lot. Mrs. Jones was made a party and a foreclosure was sought against her. There was a trial, without the intervention of a jury, and judgment was rendered for defendants in error as prayed for. The other notes have been paid.

Jones and wife have appealed from the said judgment, and contend that the same is erroneous, for the reason that as the note sued on was not in fact given for the purchase money of the said lot it could not

become a lien on the lot, because the same was their homestead at the time the note was executed. The contention is not well taken. The homestead rights of plaintiffs in error could not attach to the lot until. they had acquired a title thereto. The title they hold was vested in them by virtue of the deed and the lien to secure the note was created. by the deed. A lien so created is valid, even though the debt is not for the purchase money and the land bought is intended to be used for homestead purposes. Berry v. Boggess, 62 Texas, 239; Wright v. Campbell, 82 Texas, 388; Doty v. Barnard, 92 Texas, 104.

The plaintiffs in error insists that they acquired title to the lot by virtue of the payment of the purchase money and by taking possession and making improvements. The improvements made were not permanent and valuable. They were slight and inconsiderable, and were not such as to authorize plaintiffs in error to maintain an action for the specific performance of the parol contract to convey the lot. Bradley v. Owsley, 74 Texas, 71; Eason v. Eason, 61 Texas, 227; Wooldridge v. Hancock, 70 Texas, 21.

Besides, the defendants in error appear to be innocent purchasers of the note and entitled to protection as such. When a lien, apparently valid and appearing to be for the purchase money, is created on land of a homestead character, a good faith purchaser of such lien may enforce it. Heidenheimer v. Stewart, 65 Texas, 323; Trust Co. v. Harrell, 39 S. W. Rep., 142.

The judgment is affirmed.

*Affirmed.*