W. G. SHECKELS ET AL. V. A. J. LEWIS ET AL.

Decided June 10, 1903.

Homestead—Designation—Estoppel.

A mortgage of a portion of 200 acres actually occupied as a homestead is invalid, though for the purpose of procuring the loan the husband and wife represented their homestead as including adjoining land owned and occupied by another, and included that in the homestead designated and surveyed for the purpose of showing an apparent excess over the 200 acres and mortgaging such excess.

Appeal from the District Court of Milam. Tried below before Hon. J. C. Scott.

Associate Justice Streetman having been of counsel, Clarence H. Miller, Esq., was qualified as Special Associate Justice.

*Henderson, Streetman & Freeman* and *N. H. Tracey,* for appellants.

*Spencer Ford, Monta J. Moore,* and *Hefley, McBride & Watson,* for appellees.

MILLER, SPECIAL ASSOCIATE JUSTICE.—The appellees brought this action of trespass to try title to sixty-two acres of land against appellants W. G. Sheckles and wife, and obtained a verdict and judgment.

Appellees claim title through a sale of the land under a deed of trust executed by appellants to C. H. Silliman, trustee, while appellants contend the instrument is void on the ground that when it was made the land was a part of their rural homestead. Appellants also claim rent for the time appellees have had possession of the land under sequestration proceedings.

Sheckles and wife owned and had inclosed a tract of about 221 acres, including the land in dispute, and they were actually using and occupying all of it for homestead purposes, when they wished to cut off of the southwest end and mortgage sixty-two acres of it. Adjacent to the inclosed tract on the northeast side was a strip of about eighty-six acres that appellants seem to claim, but which for thirteen years continuously was claimed and actually used and occupied by the adjoining land-owner. This strip with the inclosed tract made about 308 acres, or 246 acres besides the sixty-two acres appellants wished to mortgage. They applied to Silliman for the loan, representing that their homestead consisted of the 308 acres. He had the lands surveyed, Sheckles going with the surveyor and pointing out to him his corners and boundaries, so as to include the 86-acre strip as a part of his homestead, and thus embrace the 308 acres.

Sheckles and wife then executed and recorded a formal designation of the 246 acres, all but the sixty-two acres, as their homestead, and Silliman made the loan and took their deed of trust on the sixty-two

acres for security. Silliman had no actual knowledge that the 86-acre strip included in the 246-acre designation was not appellant's land, and was not in fact used and occupied by them.

A part of the sixty-two acres and also of the rest of the 221 acres of inclosed land was cultivated, and between these parts was pasture land used by appellants for their stock. Their house, stable, etc., were not on the sixty-two acres, but they cultivated a part of it and used the rest of it for their stock. A tenant house was on it, but the tenant did not cultivate or use any of the sixty-two acres, and no fence divided that part from the rest of the 221 inclosed acres.

The court instructed the jury to find for appellees, if they believed that appellants owned, used and occupied as a home 200 acres of land in addition to the sixty-two acres sued for when they made the deed of trust, and also to find for appellees on the ground of estoppel if they believed that appellants represented, to obtain the loan, that they owned 200 acres besides the land in dispute, and their representations were false and the lender in good faith relied upon them as true in making the loan, and appellants at the time of getting the loan did not actually reside upon the land sued for.

The appellants requested special charges, which the court refused to give, embodying the idea that where husband and wife own, actually use and occupy a tract of land as a rural homestead, and, in order to mortgage a part of it, falsely represent to a lender that they own and use adjacent lands actually owned and occupied by another person, so as to show by that device an apparently mortgageable excess over 200 acres, they are not estopped from afterwards claiming such portion of the mortgaged lands so used and occupied by them as with the unmortgaged part will make up the full homestead exemption.

We are of opinion that the court's charge on the issue of estoppel was wrong, and that instead, the law is as contended for by appellants. Since the Blalock decision (76 Texas, 89) an estoppel, it would seem, can not arise in favor of a lender who attempts to secure a lien on any part of a homestead in the actual use and possession of the family, when based on representations of the husband and wife made contrary to the fact. Whatever the members of this court may think of the utility or good morals of such a ruling, they must accept it as law. In Parrish v. Hawes, 95 Texas, 185, the Supreme Court, referring to the Blalock case, says: "In that case Blalock and wife at the time they gave the mortgage were living upon the mortgaged property as their home, and used no other property as such. They represented that it was not their homestead, but that other land was, which they did not then and had never resided upon or used as a home. In fact and in law, the property mortgaged was their only home; and the court so held, saying: 'If property be homestead in fact and in law, lenders must understand that liens can not be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon.'"

The strip of eighty-six acres adjoining appellants' inclosed lands and

included in their homestead designation for the purpose of making a greater showing of acreage to the lender and by such means getting a loan on part of the land actually used and occupied by them as a home; whether in law owned by them or not, was claimed and actually used and in possession of the adjacent landowner, and under our decisions the lender relied upon appellants' declarations and acts to the contrary at his peril. The means of ascertaining how much and what lands appellants owned and were actually using and occupying, were open to the lender. They could not have deceived him as to their boundaries if the surveyor had made his own investigations instead of accepting Sheckles' statements.

If on the next trial the evidence shows that appellants, when they got the loan, were actually using and occupying as a home only the lands inclosed and that the adjacent strip was used and in possession of the adjoining landowner, then appellants would be entitled to elect out of the tract sued for a sufficient quantity to make up, with the rest of the inclosed land, 200 acres, and to recover of appellants the rent on the part so elected, and appellees should recover the rest of the land in dispute.

For the reasons given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*