## McGLASSON v. FIORELLA. (No. 6279.)

(Court of Civil Appeals of Texas. Austin. Feb. 2, 1921.)

1. **Adverse possession** ⬉114(1) — **Evidence held insufficient to show adverse possession of personal property for statutory period.**

In an action to recover the possession of personal property on a farm purchased by defendant at the time of the purchase, evidence *held* insufficient to show defendant's adverse possession thereof for two years.

2. **Adverse possession** ⬉14 — **That personal property was on farm when purchased held not to start limitations running.**

Where personal property owned by plaintiff was on a farm when purchased by defendant from a third party, but it was not near his residence or barn, and he did and said nothing tending to show that he was exercising dominion over it, or claimed any right to it prior to his use of the property, he did not have adverse possession until he first used the property.

3. **Appeal and error** ⬉938(1)—**Presumed in support of statement of facts signed by judge that parties failed to agree.**

Though it is the better practice for the judge preparing a statement of facts to certify that the parties failed to agree, under Rev. St. 1895, art. 1380, when the statement is signed by the judge, the presumption exists that the parties failed to agree, though it is not so stated, and the statement of facts is not insufficient.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by John McGlasson against Antonio Fiorella, brought before a justice of the peace and appealed to the county court. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Kyle Vick, of Waco, for appellant.

R. L. Allen and F. M. Fitzpatrick, both of Waco, for appellee.

KEY, C. J. This case originated in the justice of the peace court, was appealed to and tried in the county court, where judgment was rendered for the defendant, and the plaintiff has appealed. The plaintiff sought to recover certain personal property, consisting of one hay press, two mowers, and one sulky rake, of the alleged value of $160. The trial judge filed findings of fact and conclusions of law to the effect that the plaintiff was the owner of the property sued for on the 15th day of December, 1916, but that the proof sustained the defendant's plea of the two years' statute of limitation, and

for that reason judgment was rendered for the latter.

[1] Counsel for appellant has assigned the last ruling referred to as error, and we sustain the assignment. We are of the opinion that appellant's proposition to the effect that the proof failed to show two years' adverse possession prior to the commencement of the plaintiff's suit is correct. The suit was filed May 14, 1919. The testimony most favorable to the defendant, in support of his plea of limitation, is as follows:

Dr. Craven owned a farm which he contracted to sell to W. W. Lastinger, and Lastinger sold it to the plaintiff, Jno. McGlasson, in 1913. In the latter part of 1914, or the first part of 1915, the plaintiff bought the property in controversy, and placed it on the farm referred to. In the latter part of 1915, or early part of 1916, he deeded the farm back to Dr. Craven. In 1916 Dr. Craven sold it to the defendant, Antonio Fiorella, and told him that he could have any of the tools on the farm belonging to him (Dr. Craven), but did not undertake to sell or give to the defendant the property here in controversy, which had been left on the farm by the plaintiff. The defendant testified:

"I moved on the place in December, 1916. There was a man on the place when I bought it working the place. I do not know what his name was. I thought the tools in controversy belonged to Dr. B. F. Craven, and that he had given them to me at the time the sale was made. I used the tools during the latter part of May or the 1st of June, 1917, for the first time.

"I used them down near the creek. I don't know whether that is three-quarters or a mile from the road. I used them on the farm wherever I needed them. I know when a party came there and got the press. I don't know what his name was. It was about ten days after I went to work. He brought it back the next day and said he had gotten the wrong press. I was in Waco when he came and got it. I did not know anything at all about it until I got home. I was not on the place at the time he got the press. He brought it back next day. He brought it back and left it by a well which is 75 to 100 yards from the road. The press was about 75 yards from my line down in the field when I moved on the place."

A witness by the name of Wheeler, who testified for the defendant, stated that the latter used the property in controversy for the first time in the fall of 1917, or spring of 1918, and said he thought that the latter was the correct time, as there was no hay baled during 1917.

Defendant's witness Bennett testified that he saw the defendant use the tools in controversy; that he used them about the place generally, but that he thought the first time he used them was in the spring of 1917, and that there was not much hay to bale during that year; and, on cross-examination, he stated that he was not positive whether the defendant used the tools referred to in 1917 or 1918.

Another witness for the defendant named Columbo stated positively that the defendant did not use the tools in question during the year 1917 at all.

Dr. Craven testified that he did not sell the tools in question to the defendant; that he never owned a hay press nor a rake, and that when he told the defendant he could have the tools belonging to him, he had reference to the tools left by him on the farm when he sold it to Lastinger.

[2] The foregoing is the substance of the testimony, placed in its most favorable light for the defendant, and we are of the opinion that it fails to show adverse possession for two years prior to the commencement of the suit. According to the testimony given by the defendant himself, he did not use or otherwise exercise dominion over the property until the latter part of May, 1917, which lacked several days of being two years before the suit was filed. The fact that it was on the farm when the defendant took possession of the latter in December, 1916, and that it remained there for more than two years prior to the commencement of the suit, does not, in our opinion, show adverse possession of the property referred to. It was not shown that the property was situated near the defendant's residence or barn, and that he asserted any title to or right to use it until the latter part of May, 1917, or that he did or said anything tending to show that he was exercising dominion over it, or claimed any right to it, prior to the date last referred to. It is certain, from the testimony, that Dr. Craven, from whom the defendant purchased the farm, was asserting no title to the property in controversy, and did not attempt to sell or give the same to the defendant. Hence we conclude that the proof failed to show adverse possession for the time necessary to support the plea of limitation.

[3] Appellee objects to a consideration by this court of what purports to be a statement of facts, the contention being that it is not properly authenticated, and therefore should not be considered. It begins with the style of the case the court in which it was tried, contains an index, which is followed by this language:

"Be it remembered that upon the trial of the above entitled and numbered cause, on the 11th day of November, A. D. 1919, the following material facts and none other were proved, to wit."

Then follow the names of the witnesses and the testimony of each, and immediately after the testimony of the last witness is this indorsement:

"Approved, this the 17th day of March, A. D. 1920. Jas. P. Alexander, County Judge."

The transcript shows that the case was tried before Hon. Jas. P. Alexander, county judge of McLennan county.

The main objection urged to the statement of facts is that it is not shown by the certificate of the judge, nor otherwise, that the parties had failed to agree upon a statement of facts, and therefore the judge had no authority to prepare and cause one to be filed. It is true that the statute which authorizes a judge to prepare a statement of facts (article 1380, Rev. St. 1895) says that he may do so if the parties do not agree upon a statement of facts, or if the judge does not approve the one agreed upon; but it has been repeatedly held by our Supreme Court that where a statement of facts is signed by the judge, the presumption exists that the parties failed to agree, although it is not so stated by the judge. Kelso v. Townsend, 13 Tex. 140; Darcy v. Turner, 46 Tex. 30; McManus v. Wallis, 52 Tex. 534.

We think the statement of facts in this case was prepared in substantial compliance with the statute, though it would have been better practice for the judge to have certified that the parties failed to agree; and therefore we overrule appellee's contention upon this subject.

For the reason heretofore stated, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes