**SKINNER et ux. v. HOME BUILDING & LOAN ASS'N. (No. 3341.)**

(Court of Civil Appeals of Texas. Texarkana. Jan. 27, 1927.)

Homestead ☞96—Grantee cannot claim homestead as against holder of notes secured by vendor's lien in deed.

Deed expressly reserving vendor's lien vested title subject thereto, so that grantee could not claim homestead against holder of notes, for which lien was reserved, and it was immaterial whether, strictly speaking, they were for part of purchase money.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by the Home Building & Loan Association against H. R. Skinner and others. Judgment for plaintiff, defendant H. R. Skinner and wife appeal. Affirmed.

Taylor & Wimmer, of Texarkana, for appellants.

Wm. V. Brown, of Texarkana, for appellee.

LEVY, J. The Home Building & Loan Association brought suit against appellant and wife to recover upon certain notes and to foreclose an alleged vendor's lien on certain described property. W. L. Griffin and wife were made parties defendant upon the allegation to the effect that they had an interest in the property and in the controversy. Mr. Griffin and his wife appeared and disclaimed any interest and asked to be dismissed from the suit. Mr. Skinner and his wife made answer, in substance, that the lot was purchased to establish a homestead, and that the actual consideration therefor was $300, which had been paid; that an agreement to erect a house on the lot was entered into, which was void as a lien on the homestead, and which had not been performed in details, to defendants' damage; that certain notes delivered to W. L. Griffin had been to the amount agreed and were without consideration above such amount paid. The supplemental answer becomes unimportant and need not be referred to.

The case was tried before the court without a jury, and judgment for the plaintiff entered. A personal judgment was awarded against H. R. Skinner and wife for the sum of $1,750, the amount of the note, less credits paid, and foreclosing a lien on the property to the extent of $1,384 of the amount of the personal judgment. Judgment was entered in favor of W. L. Griffin and wife. The principal and controlling question in the appeal is that of whether or not the court erred in rendering such judgment against the appellant H. R. Skinner.

We think the court correctly decided the case. According to the view we take of the case, it is not necessary, in disposing of the same, to consider in detail the evidence. The question is ruled by Berry v. Boggess, 62 Tex. 239; Wood v. Smith (Tex. Civ. App.) 165 S. W. 471; Walsh v. Ford, 27 Tex. Civ. App. 573, 66 S. W. 854; Jones v. Male, 26 Tex. Civ. App. 181, 62 S. W. 827. Lot 6 in block 18 of Beverly Heights addition to the city of Texarkana was a vacant lot. H. R. Skinner, not owning a home, desired to purchase the lot and to erect a house thereon to use and occupy when complete as homestead of himself and wife. The title to the lot was solely in Heilbron & Eldridge, the owners of the addition. W. L. Griffin, it appears, agreed to purchase the lot for Mr. Skinner, and to furnish and pay for all material, except for all brick above 8,000, to build the house. Mr. Skinner was to pay for the labor. This was on or about November 4, 1925. According to Mr. Skinner, "the 5th of November, 1925, we commenced to put down the foundation to my house and commenced the work." According to Mr. Griffin, he paid Heilbron & Eldridge the full purchase price. Griffin and wife conveyed the land to appellants November 23, 1925. In the circumstances the appellants had no title upon which to predicate a homestead before the deed by Mr. Griffin and wife. That deed expressly reserved a vendor's lien. Consequently the title vested subject to the reservation of the lien. And it would not affect the question if the amount was not, strictly speaking, part of the purchase money for the lot. In legal effect the note in suit is made a part of the purchase money by the terms of the deed. Whether it be called a contract or vendor's lien, it is immaterial; as it is reserved in the deed, its effect would be the same. The property here was vacant land, and was not already prepared for use as a home. The purchase and the financial assistance for improvement were concurrent and not separate purposes and intention, as the trial court was authorized to find.

There being no other error assigned, authorizing a reversal, the judgment is affirmed.