## BLANTON et ux. v. ALEXANDER.
### (No. 337.)

Court of Civil Appeals of Texas. Eastland.
Sept. 16, 1927.

1. **Homestead** ⬅️122—**Where owners are residing on homestead when mortgage is executed, mortgage is void, regardless of representations made to mortgagee (Const. art. 16, § 50).**

Under Const. art. 16, § 50, where husband and wife are residing on and in possession of land, claiming and using it as homestead, when mortgage is executed, mortgage is void and incapable of foreclosure, even though mortgagee was induced to make loan and accept mortgage upon representations that premises did not constitute homestead.

2. **Appeal and error** ⬅️1003—**Where verdict and judgment are not against overwhelming weight of testimony, court must sustain judgment, in absence of other grounds of reversal.**

Where Court of Civil Appeals cannot say that verdict and judgment are against overwhelming weight of testimony, judgment must be sustained, unless there are other good and sufficient reasons justifying reversal.

Appeal from District Court, Stephens County.

Suit by J. R. Alexander, guardian of the estate of C. T. Stoker, a lunatic, against T. L. Blanton and wife. From the judgment, defendants appeal. Affirmed.

Oxford & Johnson, of Stephenville, for appellants.

Chas. H. Clark, of Breckenridge, for appellee.

LESLIE, J. Appellee J. R. Alexander, guardian of the estate of C. T. Stoker, a lunatic, filed this suit in the district court of Stephens county, Tex., against appellants T. L. Blanton and his wife, F. R. Blanton, alleging that on the 6th day of October, 1922, appellants executed to appellee their promissory note for $1,600, due three years from date, and providing for interest and attorneys' fees. He further alleged that to secure the payment of the note appellants, on the 6th day of October, 1922, executed a deed of trust on 100 acres of land situated in Erath county, Tex., and fully described by metes and bounds.

Appellants answered by general demurrer and general denial, except in this, they admitted the execution and delivery of the note and trust deed and the indebtedness evidenced thereby. They did not resist a personal judgment against them on the note, but specially pleaded that at the time of the execution and delivery of the note and trust deed on October 6, 1922, said 100 acres of land constituted the homestead of themselves and family, and that they were then and there in possession of the same, actually using and occupying it as such homestead, residing thereon, and intending to continue to reside thereon, and retaining said land as their homestead. The appellants further allege that said trust deed and mortgage, set up in the plaintiff's petition and upon which foreclosure was sought, was executed for the purpose of securing a loan of money as represented by the note, and was not executed for purchase money for said land or any part thereof. Foreclosure of said lien was resisted upon the ground that it constituted an attempt to incumber the homestead for a debt in violation of the Constitution and laws of the state of Texas, and they prayed for a decree removing the same as a cloud from the title to their alleged homestead.

The appellee, by supplemental pleading, set up that he was induced to believe that the premises described in the mortgage were not the homestead of the defendants, and that he was induced to so believe by the acts and representations of the defendants, and that the loan was advanced to them relying upon such representations.

The trial court submitted the cause to the jury on three special issues, and they answered the same as follows:

"First special issue: At the time the note and deed of trust sued upon herein were executed, were the defendants residing upon the premises described in said deed of trust? Ans. 'Yes' or 'No.'" To which the jury answered, "No."

"Second special issue: At the time the note and deed of trust herein sued on were executed, did the said J. R. Alexander believe that the premises therein described were not the homestead of the defendants? Ans. 'Yes' or 'No.'" To which the jury answered, "Yes."

"Third special issue: Was he induced to so believe by the acts and representations of the defendants?" To which the jury answered, "Yes."

[1] It will be seen that issue No. 1 embraces the controlling proposition. The appellants and appellee are in accord in the view that, if on October 6, 1922, the date of the note and mortgage, T. L. Blanton and wife were residing upon and in possession of said 100 acres of land, claiming and using it as a homestead, the mortgage would be void and incapable of foreclosure, even though appellee had been induced to make the loan and accept as security the mortgage upon the representations, either oral or in writing, by appellants, that the premises did not constitute their homestead, and that their homestead was elsewhere and on other lands.

The proposition is sound, as will appear from a long unbroken line of authorities, some of which are Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 13; Calvin v. Neel (Tex. Civ. App.) 191 S. W. 791 (writ of error refused); Bayless v. Guthrie et al. (Tex.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Com. App.) 235 S. W. 843; Sheckels et ux. v. Lewis et al., 33 Tex. Civ. App. 8, 75 S. W. 836; and numerous others not necessary to set out—all of which are based upon the Constitution, art. 16, § 50, providing that:

"No mortgage, trust deed or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon," etc.

[2] There are seven assignments of error in the record. The chief and controlling ones attack the sufficiency of the testimony to justify the court in submitting issue No. 1 and its sufficiency to support the verdict of the jury and the judgment of the court. It has therefore become our duty to scrutinize the testimony in this record with greatest care. That we have done. The testimony of the appellants and that offered by the appellee differ widely upon the point of actual residence of the Blantons on October 6, 1922, the date the loan was procured and the mortgage executed. There is evidence in this record of a substantial nature that on said date appellants were residing at Breckenridge in Stephens county, Tex., and that for the purpose of inducing the loan they represented to appellee that their homestead was elsewhere than on the 100 acres in question. Certainly there is testimony in this record, if believed by the jury, which it evidently was, to justify it in returning the verdict which it did return. As an appellate court, we are unable to say that the verdict and judgment are against the overwhelming weight of the testimony, and, under such condition of the record, it becomes our duty to sustain such judgment unless there are other good and sufficient reasons justifying a reversal.

The other assignments have been considered, and they are deemed without merit.

The judgment is therefore affirmed, for the reasons assigned.