## THURMAN v. FIRST STATE BANK OF CARBON. (No. 357.)*

Court of Civil Appeals of Texas. Eastland.
Oct. 28, 1927.

Rehearing Denied Dec. 2, 1927.

**1. Appeal and error ⬅⬆612(2)—Statement of facts containing judge's certificate held sufficient, though signed by appellant's attorneys only (Rev. St. 1925, arts. 2239, 2240, as amended by Acts 40th Leg. [1927] c. 44, § 1).**

Statement of facts, certified to by official court reporter and containing certificate of judge's approval, *held* sufficient under Rev. St. 1925, arts. 2239, 2240, as amended by Acts 40th Leg. (1927) c. 44, § 1, notwithstanding agreement as to truth of statement was signed by attorneys for appellant only.

**2. Appeal and error ⬅⬆939—It is presumed that judge executes certificate approving statement of facts only on due proof that parties were unable to agree (Rev. St. 1925, arts. 2239, 2240, as amended by Acts 40th Leg. [1927] c. 44, § 1).**

When trial judge executes certificate approving statement of facts and ordering it filed, presumption exists that parties were unable to agree upon statement of facts and that sufficient proof of nonagreement was presented to trial judge; such presumption not being changed by Acts 40th Leg. (1927) c. 44, § 1, amending Rev. St. 1925, arts. 2239, 2240.

**3. Appeal and error ⬅⬆768—Where affirmative of unsubmitted issue is conceded, matter will be considered as if jury had answered issue in affirmative.**

Where affirmative answer to issue which court refused to submit is conceded by both parties, case must be considered as if jury had answered issue in affirmative.

**4. Vendor and purchaser ⬅⬆284—Jury's findings that note sued on was vendor's lien note and that property had been paid for prior to its execution held in direct conflict.**

In action on note seeking foreclosure of alleged vendor's lien reserved in note, in which defense was that property constituted homestead and that price was paid, jury's findings

on special issues that property had been paid for prior to execution of note and that note sued on was purchase-money vendor's lien note were directly conflicting and vitiated judgment.

**5. Homestead ⬅⬆116—Purported lien against homestead, not authorized by Constitution, is void in absence of estoppel (Const. art. 16, § 50).**

Any purported lien against homestead, not authorized by Const. art. 16, § 50, protecting homestead from forced sale except for specified debts, is void in absence of estoppel.

**6. Homestead ⬅⬆122—Persons in possession of premises, occupying them as homestead, are not estopped by declarations as to validity of lien thereon from setting up homestead claim.**

Where persons making oral or written representations as to validity of lien are in actual possession of premises, occupying them as homestead, no estoppel arises to prevent them from setting up their homestead claim.

**7. Bills and notes ⬅⬆337—Purchaser taking note in good faith, without actual knowledge of facts surrounding its execution, is "holder in due course," irrespective of diligence (Rev. St. 1925, art. 5935, § 56).**

Purchaser of note, who has no actual knowledge of facts and circumstances surrounding execution of note such as to amount to bad faith, is "holder in due course," irrespective of question of diligence or negligence under Rev. St. 1925, art. 5935, § 56.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Holder in Due Course.]

**8. Trusts ⬅⬆81(4)—Where husband and wife purchased and fully paid for land, having deed made out to husband's mother, equitable title passed to husband and wife.**

Where husband and wife purchased and fully paid for land and took deed thereto in name of husband's mother, only legal title passed to mother, while equitable title passed to husband and his wife.

**9. Homestead ⬅⬆81—Equitable title will support homestead exemption (Const. art. 16, § 50).**

Homestead exemption under Const. art. 16, § 50, is supported by equitable title.

**10. Homestead ⬅⬆129(2)—In absence of estoppel against husband and wife, holder in due course of purported vendor's lien note was not entitled to foreclosure against wife occupying property as homestead if note was not in fact given for purchase money (Rev. St. 1925, art. 5935, § 56; Const. art. 16, § 50).**

In absence of estoppel against both husband and wife, holder in due course under Rev. St. 1925, art. 5935, § 56, of note, reserving vendor's lien on property conveyed, was not entitled to foreclosure of lien under Const. art. 16, § 50, as against wife in possession and occupying premises as homestead, if note was not in fact given for purchase money.

---

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted February 8, 1928.

11. Homestead ⬙129(1)—Wife need only reside upon homestead and use it as such to give notice of homestead claim.

Only requirement which law makes of wife in order to give notice that property is her homestead is that she reside upon it and use it as such, and wife is not required to examine records to determine status of her title.

12. Homestead ⬙129(2)—Purchaser of purported vendor's lien notes must make inquiry as to their regularity from spouses occupying premises as homestead prior to execution of notes.

One purchasing negotiable notes purporting to reserve vendor's lien upon homestead is charged with duty of making inquiry of husband and wife, occupying premises as homestead prior to execution of the notes under title sufficient to support homestead claim, as to regularity of such notes.

13. Homestead ⬙122—Husband and wife representing that purported vendor's lien notes on homestead occupied by them are genuine are estopped to deny vendor's lien (Const. art. 16, § 50).

If both husband and wife represent that purported vendor's lien notes are in fact what they appear to be, they will be estopped to deny character of notes under Const. art. 16, § 50, notwithstanding their possession and use of property as homestead.

14. Trial ⬙358—Judgment based on jury's finding in conflict with other findings cannot stand.

Judgment based on finding which is in direct conflict with other findings of jury on special issues cannot stand.

15. Appeal and error ⬙930(3) — Finding against appellant on unsubmitted issue cannot be presumed, where not supported by evidence (Rev. St. 1925, art. 2190).

Court of Civil Appeals cannot presume that trial court resolved unsubmitted issue against appellant under Rev. St. 1925, art. 2190, where such finding on issue is not supported by sufficient evidence.

16. Homestead ⬙96—Purported vendor's lien note, if actually executed as part of purchase money, permits foreclosure against homestead (Const. art. 16, § 50).

If note reserving vendor's lien on property occupied as homestead was in fact executed as part of purchase money, lien should be foreclosed on property under Const. art. 16, § 50, notwithstanding homestead claim.

17. Appeal and error ⬙1173(2)—Judgment will not be disturbed as to nonappealing defendants.

Where some of defendants failed to appeal from adverse judgment, judgment as to such defendants will not be disturbed.

On Rehearing.

18. Appeal and error ⬙768—Claim of appellant, admitted in appellee's brief, may be treated as admitted fact in disposing of case.

Where fact claimed by appellant in assignment of error is admitted in appellee's brief, it may be treated as admitted in disposition of case.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by the First State Bank of Carbon against J. H. Thurman and another, in which Mrs. Kate Thurman intervened. Judgment for plaintiff, and intervener appeals. Reversed and remanded as to intervener.

Chastain & Judkins, of Eastland, for appellant.

Barker & Orn, of Cisco, for appellee.

HICKMAN, J. Suit was by the appellee bank against J. H. Thurman, as maker, and Mrs. S. E. Thurman, his mother, as indorser and guarantor, of a negotiable note. The note recited in its face that it was given in part payment for certain lots situated in the town of Carbon, Eastland county. The deed of even date with the note, executed by Mrs. S. E. Thurman, a widow, to her son J. H. Thurman, described the note sued upon and expressly retained a vendor's lien against the property conveyed to secure the payment thereof. J. H. Thurman transferred the note to the Bank of Carbon for a small amount of cash and the payment of his pre-existing indebtedness to the bank. Later the appellee, First State Bank of Carbon, took over the assets of the Bank of Carbon, including the note in suit. Judgment was rendered against the defendants in the suit jointly and severally for the amount of the note, including attorney's fees and against defendants and intervener foreclosing the lien on the property described in the deed. No appeal or writ of error was prosecuted by the defendants. The case is brought to this court by Mrs. Kate Thurman, wife of J. H. Thurman, who intervened in the lower court.

The substance of her petition in intervention is that the purported vendor's lien was an attempt to fix a fictitious lien upon her homestead, and was therefore null and void.

In support of her plea of intervention she offered evidence of the following facts and circumstances surrounding the execution of the note:

On August 20, 1919, her husband, J. H. Thurman, bought the property in question from F. A. Jones, paying the full consideration therefor, which is shown to have been $1,100, in cash. At the time and prior to such purchase she and her husband were occupying the property as tenants of Jones. When Thurman purchased the property, he had the deed executed in favor of his mother, Mrs. S. E. Thurman, without the knowledge of the intervener. Intervener did not learn this fact until more than one year thereafter, and Mrs. S. E. Thurman did not know

that the deed was executed to her, paid nothing for the property, and claimed no interest therein. Thereafter, and without the knowledge of intervener, Mrs. S. E. Thurman conveyed the property to J. H. Thurman, for a recited consideration of $3,000, all cash except the $1,375 note sued on in this case. J. H. Thurman, being indebted to the bank, sold said note to the bank, and caused same to be transferred thereto by Mrs. S. E. Thurman. The deed from Mrs. S. E. Thurman to J. H. Thurman and the note in suit were executed on December 7, 1920, more than one year after the purchase of the property by Thurman from Jones. The intervener and J. H. Thurman occupied the property continuously as a homestead of themselves and family from the date of the purchase from Jones to the date of the trial of this case. Intervener had no knowledge whatever of the existence of the note until after it had come into the possession of the appellee bank, and did not know that the title to the property was ever in Mrs. S. E. Thurman or that Mrs. S. E. Thurman ever conveyed same to J. H. Thurman. The officers of the bank had actual knowledge of the occupancy of the premises by Thurman and wife during all the term of such occupancy. The material defense pleaded by the bank, which we shall have occasion to notice, was that it was a holder in due course with no notice of any of the matters relied on by intervener to defeat the lien.

[1] The first question necessary for our decision is the objection raised by appellee to a consideration of the statement of facts filed in the case; the objection being that same was not certified to in the manner prescribed by statute. The statement of facts is certified to by the official court reporter. After this certificate follows an agreement to the effect that it is a true and correct statement of all the facts admitted in evidence. This agreement is signed by the attorneys for appellant, but is not signed by the attorneys of appellee. Follows then the following certicate:

"The foregoing examined, found correct, approved, and ordered filed as the statement of facts in this cause, this the 31st day of January, A. D. 1927. [Signed] Elzo Been, Judge Eighty-Eighth District Court, Eastland County, Texas."

[2] An examination of the authorities has led us to the conclusion that the objection cannot be sustained. When a trial judge executes a certificate in the language of the one above quoted, the presumption exists that the parties were unable to agree upon the statement of facts. McManus v. Wallis, 52 Tex. 534; Schneider & Davis v. Stephens, 60 Tex. 419; Bath v. H. & T. C. Ry. Co., 34 Tex. Civ. App. 234, 78 S. W. 994; Houston Oil Co. of Texas v. Myers (Tex. Civ. App.)

150 S. W. 762; Bigham v. Stamps (Tex. Civ. App.) 212 S. W. 775; McGlasson v. Fiorella (Tex. Civ. App.) 228 S. W. 254.

These decisions were rendered prior to the amendments by the Fortieth Legislature, p. 67, c. 44, § 1, and it is insisted that by such amendments to articles 2239 and 2240 of the Revised Statutes 1925 no presumption can be indulged that the parties failed to agree, in the absence of a showing that the statement of facts was presented to the appellee or his attorney and was not returned to the appellant within 20 days. We cannot sustain this contention. To our minds the amendments strengthen, rather than destroy, the presumption. As amended, the statutes make it the duty of the judge to make out, sign, and file a proper statement of facts, upon proof in any manner satisfactory to him that the statement of facts had been delivered to the appellee or his attorney for 20 days or more. We must presume that proof was made to the trial judge which satisfied him of this fact. The statutes do not require that the certificate of the judge shall state that such proof was made to him; and, in the absence of such requirement, we must presume that the trial judge acted in the premises only after proof satisfactory to him of a failure to agree. The objection to the sufficiency of the certificate to the statement of facts will therefore be overruled.

Many objections are urged by the appellee to the brief of appellant and to a consideration of most of the assignments contained therein. Many of these objections are well founded, and, if controlling in the case, would be sustained by the court; but, for reasons hereinafter stated, we have concluded that the substantive law of the case must be considered and determined by the court, regardless of our inability to consider many of the assignments, and a discussion of the various assignments and objections made by the appellee to a consideration thereof would serve no useful purpose.

The case was submitted to the jury upon special issues, by their answers, to which they determined the following facts:

First. J. H. Thurman paid the purchase price for the house and lots in controversy to F. A. Jones.

Second. The appellee bank had no actual knowledge that Thurman had purchased and paid for the property and taken the deed thereto in his mother's name, prior to and at the time it acquired the note in controversy.

Third. The property in controversy was the homestead of intervener, Mrs. Kate Thurman, from the date of the deed from F. A. Jones to Mrs. S. E. Thurman.

Fourth. The appellee bank had no actual knowledge that the property was the homestead of intervener prior to or at the time it acquired the note sued upon.

Fifth. That the note in controversy is a vendor's lien purchase-money note.

Sixth. On the date of the purchase of the note in suit from J. H. Thurman by the appellee bank, said bank did not have actual knowledge that the property which was covered by said note and against which said note purported to be a lien was the homestead of intervener, Mrs. Kate Thurman.

Seventh. On the date of the indorsement of the note by Mrs. S. E. Thurman and the delivery of same by J. H. Thurman to the appellee bank, said bank did not have such knowledge of the facts that its act in taking such instrument amounted to bad faith.

[3] Appellant's assignment of error No. 7, as to the sufficiency of which no question is made by appellee, complains of the action of the trial court in refusing to give in charge to the jury appellant's special requested issue No. 1, which was as follows:

"On the question of notice by the bank of infirmities in the note, you are charged that possession of lands is evidence of ownership, of equal dignity with a recorded deed. Bearing in mind the above instruction, you will answer this issue: Was Mrs. Kate Thurman in possession of the lands in question from December, 1920, until the date of the deed from Mrs. S. E. Thurman to J. H. Thurman? Answer 'Yes' or 'No.'"

Appellee contends that the court did not err in refusing to give this special instruction because the issue was not disputed; that the uncontradicted evidence shows that appellant was in possession of said land during all of said time. That being conceded, this case must be considered as if the jury had answered this issue in the affirmative.

[4] By article 16, § 50, of the Constitution of Texas, the homestead of a family is protected from forced sale for the payment of all debts except for the purchase money thereof, the taxes due thereon, or for work and material used in constructing improvements thereon. This section, among other things, expressly provides that:

"No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money thereof, or improvements made thereon. * * *"

The jury has found in this case that, at the time the note in question was executed and the purported lien created, the property was appellant's homestead and had theretofore been fully paid for. It is conceded by appellee that the undisputed evidence shows that she was in possession of the property at and prior to that time. The jury further found that appellee was a holder in due course, and that the note sued upon was a purchase-money vendor's lien note. This last holding is in direct conflict with the holding that the property had been paid for prior to the execution of the note. A judgment

having been rendered on this verdict, there arises a question so fundamental in its nature as that we are required to examine it.

[5, 6] Any purported lien against a homestead not authorized by the provision of the article of the Constitution above referred to is void. The many reported cases in which such fictitious liens have been foreclosed will, upon examination, be found to rest upon an estoppel. The courts do not attempt to give any validity to the lien, but close the lips of the parties who, by their wrongful acts, have represented the lien to be a valid one; the theory being that the facts are conclusively found to be as originally represented by the declarations or acts of the parties. Where there is no estoppel, there can be no enforceable lien against a homestead, except such liens as are described in the Constitution above referred to. When the parties who are sought to be estopped by these oral or written declarations are in actual possession of the premises, using and occupying them as a homestead, no estoppel arises to prevent them from setting up their homestead claim. Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 13; Calvin v. Neel (Tex. Civ. App.) 191 S. W. 791 (writ of error refused); Bayless v. Guthrie (Tex. Com. App.) 235 S. W. 843; Sheckels v. Lewis, 33 Tex. Civ. App. 8, 75 S. W. 836; Blanton et ux. v. Alexander, 298 S. W. 308 (by this court).

[7] Appellee contends that, even in the absence of an estoppel, it is protected as a holder in due course. The jury has found that appellee had no actual knowledge of the facts and circumstances surrounding the execution of the note, and that it did not have knowledge of such facts as that its action in taking such instrument amounted to bad faith. We agree with appellee that this is the correct test of a holder in due course of a negotiable instrument. The test is good or bad faith and not diligence or negligence. R. S. art. 5935, § 56; Wilson v. Denton, 82 Tex. 531, 18 S. W. 620; 27 Am. St. Rep. 908; Rotan v. Maedgen, 24 Tex. Civ. App. 558, 59 S. W. 585; Pope v. Beauchamp (Tex. Civ. App.) 159 S. W. 867; Spurlock v. Zaring (Tex. Civ. App.) 270 S. W. 1099; 8 C. J. § 710, pp. 501–503.

These authorities are conclusive of the question of whether appellee is a holder in due course, in so far as the negotiable instrument is concerned, and sustain the judgment against J. H. Thurman, the maker, and Mrs. S. E. Thurman, the indorser and guarantor of said note; but are the homestead rights of appellant to be determined by this same rule? We think not. There are many cases bearing upon the question here presented, a few of which we shall briefly notice.

In the case of Berry v. Boggess, 62 Tex. 239, the deed to the vendees was executed

after they were in actual occupancy and possession of the premises as a homestead for a period of 8 years. The deed created a vendor's lien, which was not, in fact, for purchase money. A judgment foreclosing the lien as a vendor's lien was affirmed by the Supreme Court. This holding is based upon the fact that prior to the execution and delivery of the deed the vendees in the deed had no title upon which to predicate a homestead claim against the vendor. The only title which they had to the land claimed as a homestead was that conveyed by the deed, and in that deed the equitable title remained in the vendor until the purchase price therein recited was paid.

The case of Jones et al. v. Male, 26 Tex. Civ. App. 181, 62 S. W. 827, is very similar to the case of Berry v. Boggess, supra, and the holding was based upon the fact that the parties claiming the homestead right had no title to support that right, except the limited title conveyed by the deed, which retained a lien.

In the case of New England Safe Deposit & Trust Co. v. Harrell (Tex. Civ. App.) 39 S. W. 149 (writ of error denied), no homestead was vested prior to the execution of the deed and the vendor's lien note.

In the case of Sparks v. Texas Loan Agency (Tex. Sup.) 19 S. W. 256, no prior homestead right existed when the lien was created.

[8, 9] These cases seem firmly to fix the rule that the purchaser of a purported vendor's lien note against a homestead is not required to make inquiry of both the husband and the wife as to the validity of such notes, even though the husband and wife are occupying the premises at the time of the purchase as a homestead, provided they were not in possession of the property, using same as a homestead under a right or title which would support a homestead claim, prior to the execution of the purported vendor's lien notes. But in the instant case the intervener and her husband, for more than a year prior to the execution of the notes in suit, were actually occupying this land as a homestead, as the owners of the equitable title thereto. When Thurman and wife purchased and fully paid for the land, and Thurman had the deed made to his mother, only the legal title passed to the mother. The equitable title passed to Thurman and wife. Burns v. Ross, 71 Tex. 516, 9 S. W. 468; Blum v. Rogers, 71 Tex. 668, 9 S. W. 595. An equitable title will support a homestead exemption. 29 C. J. 844, and Texas cases there cited.

These facts bring the instant case squarely within the rule governing the case of Texas Land & Mortgage Co. v. Cooper (Tex. Civ. App.) 67 S. W. 173 (writ of error denied). In that case the deed to the property occupied by the husband and wife as a homestead was not recorded, and the husband, unknown to the wife, and in order to raise money, induced his grantors to give him a second deed, retaining a vendor's lien to secure the payment of certain notes therein described, which were, in fact, executed by the husband. The grantors indorsed the notes in blank and returned them to the husband, who in turn sold them to a purchaser in due course for their face value. This purchaser had no knowledge whatever of the fact that the homestead rights of the husband and wife had attached prior to the execution of this note, and had no knowledge of the unrecorded deed which had been destroyed. The court, finding no estoppel as against the wife, and no fraud in which she participated, held that, notwithstanding the good faith of the holder, the fictitious lien could not be foreclosed against the homestead rights of the wife.

[10-13] Unless there was some act by Mrs. Thurman which estopped her from setting up her homestead right in this property, this lien which, according to one of the findings of the jury, was not for purchase money, cannot be foreclosed. The law does not require her to examine the records in the office of the county clerk to determine the status of her title to her homestead. Her husband is properly the custodian of title papers effecting community property. The only requirement which the law makes of her in order to give notice to the world that property is her homestead is that she reside upon it and use it as such. The notice given by possession is certainly entitled to no less right and dignity than that given by a recorded instrument. We believe that, based upon the case of Mortgage Company v. Cooper, supra, one purchasing negotiable notes purporting to be a vendor's lien upon a homestead, which property was used and occupied by a family as a homestead, under a title, sufficient as a basis for a homestead claim, prior to the execution of the notes, is charged with the duty of making inquiry of both the husband and wife, as to the regularity of such notes. In such case, should both husband and wife represent that the notes are what they appear to be, an estoppel would operate against them, notwithstanding their possession and use of the property as a homestead. The estoppel would be predicated on the fact that there is no inconsistency between a homestead claim and a vendor's lien, because such a lien against a homestead is sanctioned by the Constitution. That fact distinguishes cases of this character from the cases cited above in this opinion holding that no estoppel would lie on account of representations by the husband and wife. In those cases the possession and use were inconsistent with the representations, and the lien attempted to be created was not one sanctioned by

the Constitution against the homestead. This may seem to place a very unusual burden upon the purchaser of negotiable paper; but, under the Constitution and the authority last above cited, we believe it is the law of our state.

[14] In this case no issue of estoppel was submitted to the jury. The admission is made that appellant was in possession of the premises prior to the creation of the alleged lien, using same as her homestead. The judgment is evidently based upon one of two grounds, either the finding by the jury that the note was in fact a purchase-money note, or else the finding that appellee was a holder in due course. If based upon the first ground, the judgment cannot stand, because this finding is in direct conflict with other findings by the jury. If based upon the second ground, the judgment cannot stand, because appellee could not be protected as a holder in due course as against the homestead rights of appellant, unless an estoppel operates against her.

[15] Appellee pleaded an estoppel, but no issue thereon was submitted to the jury. We cannot presume that the court resolved that issue against appellant under article 2190, because we do not find sufficient evidence in the record to sustain such finding.

[16] There are certain controlling issues to be determined in this case upon another trial, assuming that the evidence will show actual possession of the premises as a homestead prior to the date of the note sued on. One issue is whether the note was executed as a part of the purchase money for the property. If so, and no other finding of the jury conflicts therewith, the lien should be foreclosed. If the jury finds, as testified by appellant's witnesses, that the purported lien is fictitious, an estoppel, based upon sufficient testimony, must be found by the jury against appellant to warrant a foreclosure. The trial court should admit all relevant and proper testimony on these issues, without reference to whether such testimony would be admissible in favor of J. H. Thurman or Mrs. S. E. Thurman. This suggestion is made in view of the objections made by appellant to the rulings of the court on the former trial and the reasons assigned for overruling appellant's objections.

[17] The judgment of the trial court will be reversed and the cause remanded as between the parties to this appeal. The defendants in the former trial not having appealed, the judgment as to them will not be disturbed.

Reversed and remanded.

## On Rehearing.

[18] In its motion for rehearing, the appellee insists that we erred in considering appellant's assignment of error No. 7, for the reason that there is no such assignment in the brief of appellant. The motion states that the only place any assignment raising the question complained of as assignment No. 7 can be found in the brief is in paragraph 7 of defendant's motion for a new trial. The brief of appellant, filed in this court on pages 2 and 3, sets out ten assignments of error, including assignment No. 7, complaining of the refusal of the court to give the exact issue set out in our opinion. It was not followed in the brief by any proposition or statement thereunder, but appellee in its brief, on page 34 thereof, without any objection to the assignment on account of such failure by appellant to follow same with proposition and statement, replied thereto in the following language:

"The last question raised, 'Was Mrs. Kate Thurman in possession of the land in question from December, 1920, until the date of the deed from Mrs. S. E. Thurman to J. H. Thurman?' was not disputed, and the trial court is not required to submit undisputed questions."

We did not sustain assignment of error No. 7, but merely considered the fact therein raised as an admitted fact in the disposition of the case, because same was expressly admitted by appellee in its brief.

Appellee excepts to the following finding of fact contained in our original opinion:

"Intervener had no knowledge whatever of the execution of the note until after it had come into the possession of the appellee bank, and did not know that the title to the property was ever in Mrs. S. E. Thurman or that Mrs. S. E. Thurman ever conveyed same to J. H. Thurman."

The statement should be modified so as to state that the evidence did not show clearly when intervener obtained knowledge of the existence of the note.

It is earnestly insisted that the decision in this case is in conflict with the cases of Jones v. Male, New England Deposit & Trust Co. v. Harrell, and similar cases distinguished in the original opinion. Particularly is it urged that in the case of Jones v. Male there was an equitable title in Mrs. Jones sufficient to support a homestead claim prior to the creation of the fictitious lien. This language is used in the motion:

"We believe in the Jones Case she had an equitable title which she could have enforced, even though at the time she purchased the property a deed was not made. They entered upon the place and started certain improvements. Such action on their part would have taken the case out of the statute of fraud, and they could have had specific performance of the sale of the property."

The able jurist who wrote the opinion in that case was careful to state the fact that no equitable title was owned or held by Jones and wife prior to the execution of the deed to them, and that no action for specific performance would lie, as disclosed

in the following quotations taken from that opinion:

"The homestead rights of plaintiffs in error could not attach to the lot until they had acquired a title thereto."

"The improvements made were not permanent and valuable. They were slight and inconsiderable, and were not such as to authorize plaintiffs in error to maintain an action for the specific performance of the parol contract to convey the lot."

The distinction there drawn applies to all of the cases relied upon by appellee. The question to our minds is plain. Under the Constitution, fictitious liens of the character of the one involved in the instant case are void. The only way any effect can be given to such void liens is by an estoppel effective against both the husband and wife. In the cases relied upon by appellee, the question presented in this case does not arise, because no title existed as the basis of a homestead claim prior to the execution of the deed which retained the lien. In those cases a fictitious lien was not created against a homestead, but was created against a tract of land in which there was no homestead claim, because no title supporting same. In the instant case the homestead right of intervener attached prior to the creation of the fictitious lien, because she and her husband were at that time in actual possession of the premises under an equitable title thereto, which is sufficient to support a homestead claim. The facts distinguish this case clearly from those relied upon by appellee and bring it squarely within the holding of the case of Texas Land & Mortgage Co. v. Cooper (Tex. Civ. App.) 67 S. W. 173. To our minds the holding that a fictitious lien can be foreclosed against a homestead in the absence of an estoppel would be tantamount to a holding that a plain provision of the Constitution protecting the homestead of a family must yield to a statutory provision protecting innocent purchasers of negotiable paper.

The motion will be overruled.